[Civ. No. 2823.   Second Appellate District, Division One.—January 29, 1919.]

PACIFIC LIGHT & POWER CORPORATION (a Corporation), Appellant, v. MILTON KAUFFMAN et al., Respondents.

APPEAL—TIME TO APPEAL FROM JUDGMENT—NOTICE OF INTENTION TO MOVE FOR NEW TRIAL.—The Code of Civil Procedure does not authorize a party whose right of appeal from a judgment has expired, to revive that right of appeal by subsequently giving notice of intention to move for a new trial.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher   and   Edward E. Bacon   for Appellant.

George H. Woodruff and Clyde C. Shoemaker for Respondents.

CONREY, P. J.—On motion to dismiss appeal. The motion is made upon the grounds that the judgment appealed

from is final and became final before the notice of intention to move for a new trial in the court below was served or filed, and that the appeal was not taken within the time provided by law.

The judgment was entered April 20, 1918; on the twentieth day of June, 1918, the plaintiff filed a notice of intention to move for a new trial; on the twenty-fifth day of July, 1918, plaintiff filed notice of appeal from the judgment; no notice of entry of judgment was ever given. The trial in the court below was before the court without a jury. An order denying appellant's motion for a new trial was entered on the sixteenth day of July, 1918.

The cases in which an appeal may be taken from the superior court are those stated in section 963 of the Code of Civil Procedure. An amendment of that section in the year 1915 took away the right which theretofore existed to appeal from orders denying motions for new trial. By sections 939 and 941b of the Code of Civil Procedure, an appeal from a judgment must be taken within sixty days from *the entry* of judgment. "If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion." Section 956 of the Code of Civil Procedure provides that upon an appeal from a judgment the court may review any order on motion for a new trial. Under section 659 of the Code of Civil Procedure, a party intending to move for a new trial "must, within ten days after receiving *notice* of the entry of the judgment . . . file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial," etc.

The notice of intention to move for a new trial was not given until the sixty-first day after the entry of judgment. At that time the right to appeal from the judgment had expired. Counsel for appellant concede that the right of appeal was lost, save only that they contend that under the form of an appeal from the judgment (though taken more than sixty days after entry of judgment), appellant is entitled to a review of the court's order denying the motion for new trial. If the right thus claimed can be sustained at all, such right must arise out of the fact that the notice of intention to move for a new trial was made in due time (there having been no

notice of entry of the judgment), taken together with the provision of section 956 that an order on motion for new trial may be reviewed on appeal from a judgment. But it is our opinion that the Code of Civil Procedure does not authorize a party, whose right of appeal from a judgment has expired, to revive that right of appeal by subsequently giving notice of intention to move for a new trial. The phrase "if proceedings on motion for a new trial are pending" (secs. 939 and 941b) refers exclusively to such proceedings pending within the period of sixty days from the entry of the judgment. This appears so plainly to be the meaning of the language used that we are unable to give it any other construction. The quotation in the brief for appellant, from the decision in *Gray* v. *Cotton,* 174 Cal. 256, [162 Pac. 1019], does not conflict with our view of the question. The notice of intention to move for new trial, in that case, was served and filed within sixty days from the entry of the judgment, and the notice of appeal from the judgment was filed less than thirty days after the court denied the motion. It was therefore true, as stated by the supreme court, that "if the court below had power to grant a new trial of the proceedings by which the judgment against Rowe was given, the appeal from the judgment would be in time."

Appellant's position is not improved by the decisions of the supreme court in *Schmitt* v. *White,* 172 Cal. 554, [158 Pac. 216], and *Wilcox* v. *Hardisty,* 177 Cal. 752, [171 Pac. 947]. In each of those cases the proceeding to obtain a new trial had been initiated prior to August 8, 1915 (the date when the amendments of the Code of Civil Procedure, concerning the time allowed to appeal from a judgment, and concerning the right of appeal from an order made on a motion for a new trial, became effective), and therefore was pending while the right of appeal attached to an order made on such motion, independently of any appeal from the judgment. Under the circumstances noted, the statutes were construed liberally to preserve rights of appeal which otherwise would have lapsed; rights upon which the parties were entitled to rely, but which, under a strict technical construction of the amendments, they would have lost. But it is not so here. To sustain the right of the plaintiff to maintain this appeal, we would be attempting to revive a right which has been lost, and which cannot be revived without construing the statute against the direct

statement of its intention. If appellant's position is correct, then there is no definite time fixed by law when a judgment will become immune from appeal, unless notice of entry of judgment be given. But the law provides that the time within which to appeal from a judgment shall run from the day of entry of the judgment. This is emphasized by the fact that by the amendment to section 941b of the Code of Civil Procedure (Stats. 1915, p. 204), the words "notice of," preceding the words "entry of judgment," were stricken out, and the section thereby harmonized with section 939.

The appeal is dismissed.

James, J., and Myers, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1919.

Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.