[Civ. No. 2879. First Appellate District, Division Two.—August 15, 1919.]

AMY BATES et al., Respondents, v. RANSOME–CRUMMEY CO. (a Corporation), et al., Appellants.

[1] APPEAL—TAKING AFTER EXPIRATION OF TIME—DISMISSAL.—An appeal taken from a judgment after the time limited by the statute to appeal cannot be considered, but must be dismissed.

[2] ID.—AMENDMENT OF CODE — NOTICE OF ENTRY OF JUDGMENT — RIGHTS DEPENDENT UPON.—Under the provisions of the Code of Civil Procedure relating to appeals, as amended in 1915, the time of serving notice of motion for a new trial and to propose a bill of exceptions is made dependent upon the service of notice of the entry of the judgment, while the time to appeal begins to run from the time of entry of judgment.

[3] ID.—ELECTION BY AGGRIEVED PARTY—MOTIONS AFTER JUDGMENT—EXTENSION OF TIME TO APPEAL.—Under such amended sections the party aggrieved by a judgment is given the election of appealing directly within sixty days from the entry of the judgment, or, if he desires to move either for a new trial or to vacate the judgment in the trial court, he may do so. If he does so within the sixty days allowed for an appeal, the time within which he may appeal is extended automatically until thirty days after the determination of the new trial proceedings, but no such extension of time is made in the statute because of the pendency of proceedings to vacate the judgment on the ground that the conclusions of law are not supported by the findings.

[4] ID.—TIME TO MOVE FOR NEW TRIAL.—The losing party is not required to move for a new trial until he receives notice of the entry of judgment unless he waives such notice; but he is not required to wait until he receives the notice of entry, but may give notice of his intention to move for a new trial at any time after judgment. Of his own motion, therefore, he may extend the time within which to appeal by serving notice of motion for a new trial at any time within the sixty-day limitation for appeal, even though he has not received notice of the entry of judgment.

[5] ID.—EXPIRATION OF APPEAL PERIOD—PRIVILEGE OF APPEALING TERMINATED.—If, at the expiration of the sixty-day period within which an appeal might have been taken, no notice of intention to move for a new trial has been given, the time to appeal from the judgment elapses, and the privilege of appealing from the judgment or of having a new trial order reviewed on appeal terminates.

[6] ID.—NOTICE OF ENTRY OF JUDGMENT NOT REQUIRED.—There is no statutory requirement by which the prevailing party in a suit is required to give notice of the entry of the judgment.

[7] ID.—LIMITATION OF TIME TO APPEAL—CONSTITUTIONAL LAW—PROVINCE OF LEGISLATURE.—Section 939 of the Code of Civil Procedure, as thus construed to limit the right of appeal to the sixty-day period if new trial proceedings are not instituted within that period, is not unconstitutional as in violation of section 1 of article XIV of the constitution of the United States. The matters of motions for new trial and appeal are entirely within the control of the legislature. It might altogether abolish the right to move for a new trial, as it has abolished the privilege of appealing from an order made upon a motion for a new trial.

[8] ID.—FAILURE TO APPEAL WITHIN TIME—FINALITY OF JUDGMENT—RES ADJUDICATA—JURISDICTION.—When the party aggrieved fails within sixty days after the entry of judgment either to appeal or to commence proceedings for a new trial, the judgment becomes final for all purposes at the expiration of the sixty-day period.

The matters determined are *res adjudicata*; and an appeal from such a judgment is not within the provisions of the statute, and vests no jurisdiction in the appellate court.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellants.

Ralph C. McComish for Respondents.

BRITTAIN, J.—Amy Bates and ten other property owners sued the Ransome-Crummey Co., a corporation, and Louis Lightston, treasurer of the city of San Jose, to quiet title to their respective properties and for an injunction restraining the defendants from interfering with the plaintiffs' properties or asserting any interest therein or lien thereon. Louis Lightston, as treasurer, filed a disclaimer. The Ransome-Crummey Co. answered, and by way of cross-complaint sought to establish the lien of a street assessment and the validity of bonds issued to represent the assessments on the respective parcels of land of the plaintiffs. After answer to the cross-complaint, the case was tried, findings responsive to the issues of fact were signed, and as a conclusion of law therefrom the court determined the plaintiffs were entitled to a judgment and decree quieting their titles. The appeal by the defendants is from the judgment entered pursuant to the decision.

At the outset the court is met with the claim on the part of the respondents that the appeal was not taken in time. If this claim is well founded in law this court has no jurisdiction of the appeal and cannot consider any error claimed to have been made by the trial court. The jurisdiction of the trial court to render its judgment is not questioned.

[1] It has always been held that an appeal from a judgment taken after the time limited by the statute to appeal cannot be considered and must be dismissed. (*Gray* v. *Palmer*, 28 Cal. 416; *Contra Costa* v. *Soto*, 138 Cal. 57, [70 Pac. 1019].) A motion for a new trial is a proceeding distinct from that of an appeal. Under a former statute,

even after the filing of a stay bond on appeal, the trial court had power pending the appeal to grant a new trial. (*Knowles* v. *Thompson,* 133 Cal. 245, [65 Pac. 468]; *Union Collection Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435].) The result of an order granting a new trial was to set the entire case at large and to give the trial court authority to try the case anew. (*Miller & Lux* v. *Enterprise etc. Co.,* 169 Cal. 419, [147 Pac. 567].)

In 1915 the legislature amended sections 650, 659, and 939 of the Code of Civil Procedure, [Stats. 1915, pp. 201, 205, 207]. Under section 650, when a party desired to have exceptions taken at the trial settled in a bill of exceptions, he might at any time within ten days after notice of the entry of the judgment, or such further time as might be allowed, serve his proposed bill of exceptions. If he intended to move for a new trial he was required within ten days after receiving notice of the entry of the judgment to file with the clerk and serve upon the adverse party a notice of his intention so to move. (Code Civ. Proc., sec. 659.) He might appeal from the judgment within sixty days after its entry, but if proceedings on motion for new trial were pending, the time to appeal from the judgment was extended for thirty days after the determination of the new trial proceedings. (Code Civ. Proc., sec. 939.) Section 963 of the Code of Civil Procedure was also amended, [Stats. 1915, p. 209], and the privilege of appealing from a new trial order, except in specific cases of which this is not one, was withdrawn. In summarizing these provisions of the code, reference has been made only to those relating to cases tried by the court without a jury.

[2] Under these amended sections the time of serving notice of motion for a new trial and to propose a bill of exceptions is made dependent upon the service of notice of the entry of the judgment, while the time to appeal begins to run from the time of entry of judgment. The code provides that upon the entry of the judgment it shall be docketed, and when so docketed the judgment becomes a lien upon the real property of the judgment debtor. The docket is a public record and as such imparts notice to all persons interested. (Code Civ. Proc., secs. 668, 671–673.)

[3] The party aggrieved by a judgment under these amended provisions of the statutes was given the election

of appealing directly within sixty days from the entry of the judgment, or, if he desired to move either for a new trial or to vacate the judgment in the trial court, he might do so. If he did so within the sixty days allowed for an appeal, the time within which he might appeal was extended automatically until thirty days after the determination of the new trial proceedings. No such provision for extension of time was made in the statute because of the pendency of proceedings to vacate the judgment on the ground that the conclusions of law were not supported by the findings. [4] The losing party was not required to move for a new trial, until he received notice of the entry of the judgment, unless the record showed he had waived such notice. He was not required to wait, however, until he received the notice of entry, but might have given notice of his intention to move for a new trial at any time after judgment. Of his own motion, therefore, he might have extended the time within which to appeal by serving notice of motion for new trial at any time within the sixty-day limitation for appeal, even though he had not received notice of the entry of the judgment. [5] If at the expiration of the sixty-day period within which an appeal might be taken, no notice of intention to move for a new trial was given, in other words, if there was no proceeding for a new trial pending, the time to appeal from the judgment elapsed, and the privilege of appealing from the judgment or of having a new trial order reviewed on appeal terminated. [6] There is no statutory requirement by which the prevailing party in a suit is required to give notice of the entry of the judgment. Because there is no such provision, the judgment debtor might in effect indefinitely extend the time of appeal by waiting until he was served with notice of the entry of judgment, and might appeal from the judgment at the expiration of six months or a year or, for that matter, ten years from its entry, if it should be held that the right of appeal does not terminate at the expiration of sixty days after the entry of judgment if no proceedings for a new trial are then pending.

In the particular case the findings of fact and conclusions of law were filed October 19, 1915. Judgment was entered November 24, 1915; the sixty days within which an appeal might have been taken expired January 23, 1916. Notice of

intention to move for a new trial was dated and presumably served February 21, 1916, or twenty-nine days after the time to appeal from the judgment had expired without new trial proceedings having been commenced. Motion for new trial was denied April 14, 1916, and notice of appeal was served and filed April 24, 1916, or more than three months after the time to appeal had elapsed.

On behalf of the appellants it is argued that under the rule of liberal construction doubtful clauses affecting the right of appeal should be construed in favor of the right. It does not appear that the language of section 939 is doubtful. It provides that the appeal shall be taken within sixty days, but the time is extended if, or as the appellants contend, when, new trial proceedings are pending. In the present case no such proceedings were pending when the time of appeal elapsed.

[7] It is argued that under the construction given to section 939 of the Code of Civil Procedure it is unconstitutional as in violation of section 1 of article XIV of the constitution of the United States, because the appellants are deprived of their property without due process of law and are denied equal protection of the laws. Similar contentions have failed to meet the approval of courts. The matters of motions for new trial and appeal are entirely within the control of the legislature. It might altogether abolish the right to move for a new trial, as it has abolished the privilege of appealing from an order made upon a motion for a new trial. (*Lancel* v. *Postlethwaite,* 172 Cal. 329, [156 Pac. 486]; *Woodruff* v. *Colyear,* 172 Cal. 440, [156 Pac. 475].)

[8] It is argued because it is the duty of the plaintiff diligently to prosecute an action to a finality, that so long as the right of the defendant to move for a new trial or to move to vacate the judgment exists, it does not become final, but citation of authority is not necessary to support the statement that for the purposes of appeal the judgment is final under the express terms of the statute as soon as it is entered. When the defendant fails within sixty days after the entry of judgment either to appeal or to commence proceedings for a new trial, the judgment becomes final for all purposes at the expiration of the sixty-day period. The matters determined are *res judicata* under the rule of

*United States* v. *Throckmorton,* 98 U. S. 61, [25 L. Ed. 93, see also, Rose's U. S. Notes]. An appeal from such a judgment is not within the provisions of the statute, and vests no jurisdiction in the appellate court.

The appeal is dismissed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1919. (See *Pacific Light & Power Co.* v. *Kauffman* 39 Cal. App. 499, [179 Pac. 452].)

All the Justices concurred.