[S. F. No. 9738.  In Bank.—March 10, 1921.]

RANSOME–CRUMMEY COMPANY (a Corporation), Appellant, v. WILLIAM M. BEGGS et al., Respondents.

[1] APPEAL—JUDGMENT—TIME—PENDENCY OF NEW TRIAL PROCEEDING. The provision of section 939 of the Code of Civil Procedure extending the time for appeal from the judgment if proceedings on motion for a new trial are pending has no application unless such proceeding is instituted within the sixty days after entry of judgment within which an appeal may be taken from the judgment, in the absence of any new trial proceeding, and if within such sixty days no such proceeding be instituted and no appeal from the judgment is taken, the right of appeal from the judgment is forever lost.

MOTION to dismiss an appeal from a judgment of the Superior Court of Santa Clara County. Granted.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Ralph C. McComish for Respondents.

THE COURT.—Motion to dismiss appeal on ground that same was not taken within the time allowed by law. Judgment was entered November 22, 1915, an order denying a motion for new trial was entered April 14, 1916, and the appeal was taken April 24, 1916, i. e., within thirty days after the entry of such order. (Code Civ. Proc., sec. 939.) The notice of intention to move for a new trial, however, was not served and filed until February 23, 1916, which was more than sixty days after the entry of the judgment, with the result that no proceeding on motion for new trial had been inaugurated or was pending at the expiration of the sixty days after entry of judgment within which an appeal may be taken from a judgment in the absence of any pending proceeding for new trial. (Code Civ. Proc., sec. 939.) [1] It is claimed by respondent that the provision of section 939 of the Code of Civil Procedure, extending the time for appeal from the judgment ''if proceedings on motion for a new trial are pending'' has no application unless such

proceeding is instituted within the sixty days after entry of judgment within which an appeal may be taken from the judgment in the absence of any new trial proceeding; and that if within such sixty days no such proceeding be instituted and no appeal from the judgment is taken, the right of appeal from the judgment is forever lost. This very question was decided in accord with the respondents' claim by the district court of appeal of the second appellate district, division one, in the case of *Pacific Light etc. Corp.* v. *Kauffman*, 39 Cal. App. 499, [179 Pac. 452], and an application for a hearing in this court was denied by us. We see no escape from the views expressed in this opinion by the learned district court of appeal as to the proper construction of our statute, or the conclusion reached. (See, also, *Bates* v. *Ransome-Crummey Co.*, 42 Cal. App. 699, [184 Pac. 39].)

The appeal is dismissed.

Angellotti, C. J., Shaw, J., Wilbur, J., Sloane, J., Olney, J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Sloane, J., who was absent.