[Civ. No. 3335. Second Appellate District, Division One.—July 30, 1921.]

WILLIAM P. VURPILLAT, Appellant, v. GENEVRA STOWE VURPILLAT, Respondent.

[1] APPEAL—JUDGMENT—TIME—PROCEEDINGS FOR NEW TRIAL.—Proceedings on motion for a new trial, in order that they shall extend the time for appeal, must be instituted within sixty days from the date of the entry of the judgment, and an appeal taken from a judgment in an action where the notice of intention to move for a new trial was filed more than eight months after the date of the entry of the judgment must be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

J. H. Ryckman for Appellant.

No appearance for Respondent.

JAMES, J.—In this action, brought by the plaintiff to secure a decree of divorce, defendant defaulted and a hearing was had and testimony taken. The trial judge took the case under advisement and some two weeks later entered a decree denying the relief prayed for. The judgment was entered on April 29, 1919. On February 6, 1920, plaintiff filed in the trial court his notice of intention to move for a new trial, ·which motion was later heard by the court and denied. An appeal was then taken by the plaintiff from the judgment. It is urged in the brief of appellant that the decision of the court is not sustained by the evidence in that the plaintiff established fully the allegations of his complaint by the testimony which he produced. We think that appellant is right in that contention, for it does appear by the testimony of both parties to the action that defendant deserted plaintiff without just cause, and there was independent evidence which furnished ample corroboration of the facts. Notwithstanding such a state of the case, we are unable here to afford appellant any relief, because his appeal was taken long after the expiration of the time fixed by section 939

of the Code of Civil Procedure. That section requires that an appeal from a judgment shall be taken within sixty days from the entry thereof. It is provided, however, that if proceedings for a new trial are pending, the time for appeal from the judgment does not expire until thirty days after the entry in the trial court of the ruling on such motion. [1] This provision has been construed by the supreme court and it has been held that proceedings on motion for a new trial, in order that they shall extend the time for appeal, must be instituted within sixty days from the date of the entry of the judgment. (*Ransome-Crummey Co.* v. *Begs et al.,* 185 Cal. 279, [196 Pac. 487]. See, also, *Pacific Light etc. Co.* v. *Kauffman,* 39 Cal. App. 499, [179 Pac. 452].) The notice of intention to move for a new trial was filed more than eight months after the date of the entry of the judgment in this case. Before that time the judgment had become final, hence was beyond the reach of an appeal.

The appeal is dismissed.

Conrey, P. J., and Shaw, J., concurred.