[L. A. No. 13523.   In Bank.—April 12, 1932.]

VALENTINE B. LAWSON, Appellant, v. MARY MON-TAGUE GUILD, Respondent.

Edwin J. Miller for Appellant.

Chambers & Lyman for Respondent.

WASTE, C. J.—Motion to dismiss appeal.

Plaintiff brought this action to quiet his title to certain real property. ▮ On June 25, 1931, judgment was entered quieting the defendant's title. No notice of entry of judgment was ever served. On September 30, 1931, more than sixty days after the entry of judgment, the plaintiff

filed his notice of intention to move for a new trial. Defendant having failed to serve notice of the entry of judgment, the new trial proceedings were seasonably instituted. (Sec. 659, Code Civ. Proc.; *Gross* v. *Hazelline*, 206 Cal. 130, 132 [273 Pac. 550].) The motion for new trial was denied November 25, 1931. Plaintiff filed his notice of appeal on December 5, 1931, which was more than sixty days after the entry of judgment, but within thirty days of the denial of the motion for new trial.

Section 939 of the Code of Civil Procedure provides that an appeal, to be timely, must be taken within sixty days after entry of the judgment or order which it is sought to have reviewed. The statute limiting the time in which an appeal may be taken is jurisdictional and mandatory. If the appeal is not taken within the time allowed by law, an appellate court has no power to entertain it. (*Bley* v. *Board of Dental Examiners*, 101 Cal. App. 666, 669 [282 Pac. 19].) In the instant case the judgment was entered approximately five and one-half months prior to the filing of the notice of appeal. The appeal was taken too late and must therefore be dismissed.

The new trial proceedings, though seasonably instituted, did not serve to extend the time for appeal. It is now settled that the language "if proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion" (sec. 939, Code Civ. Proc.), refers exclusively to such new trial proceedings as are pending within the period of sixty days from the entry of judgment. That is to say, if at the expiration of the sixty-day period within which an appeal might be taken, no notice of intention to move for a new trial has been given, the time to appeal from the judgment elapses, and the privilege of appealing from the judgment or of having an order denying a new trial reviewed on appeal terminates. (*Ransome-Crummey Co.* v. *Beggs*, 185 Cal. 279 [196 Pac. 487]; *Bates* v. *Ransome-Crummey Co.*, 42 Cal. App. 699, 702, 703 [184 Pac. 39]; *Pacific Light & Power Corp.* v. *Kauffman*, 39 Cal. App. 499, 500, 501 [179 Pac. 452].) Service of notice of entry of judgment is not necessary to start the time run-

ning within which an appeal may be taken. (*Schainman* v. *Kierce,* 199 Cal. 249, 251 [248 Pac. 905].) It necessarily follows that the appeal from the judgment must be dismissed.

█ The purported appeal from the order denying a new trial must also be dismissed for such an order is not now appealable. (Sec. 963, Code Civ. Proc.; *Pacific Light & Power Corp.* v. *Kauffman, supra.*)

Appellant asserts that his motion for new trial included a motion to set aside the judgment. The record now before us fails to disclose an order denying a motion to vacate the judgment. The only order entered by the trial court was the one denying the motion for new trial, which order, as we have shown, is nonappealable. However, even if the trial court had made an order denying the asserted motion to vacate, it would not be appealable. █ An appeal will not lie from an order refusing to vacate a final judgment if the grounds upon which the party sought to have the same vacated existed before the entry of judgment and were available on appeal from the judgment. (*Barry* v. *Learner,* 113 Cal. App. 651 [299 Pac. 82].) Appellant's asserted motion to vacate was apparently grounded upon the claim that the judgment quieting respondent's title is void because her cross-complaint failed to contain a description of the property. This is a matter reviewable upon appeal from the judgment, and an order refusing to set aside the judgment on this ground is not, therefore, an appealable order.

Nor do we find it necessary to consider appellant's contention that the judgment is void because of the failure of the cross-complaint to describe the property. The appeal from the judgment having been taken too late, and therefore being subject to dismissal for want of jurisdiction, there is nothing pending here that would warrant us reviewing this contention. If the judgment is void on its face, as the appellant asserts, a point upon which we express no opinion, there are ample remedies still available to him, even though his appeal has proved abortive, by which he might have this issue judicially determined.

█ We find no merit in appellant's final contention that the motion to dismiss is premature because proceedings for a record to be used on the appeal are still pending in the court below. While the pendency of proceedings for a record

constitutes a good defense to a motion to dismiss for failure to file the record within time (sec. 1, Rule I), it does not furnish a defense to a motion to dismiss an appeal taken after the time limited by law.

The appeal from the judgment and the purported appeals from the order denying a new trial and the "order" refusing to vacate the judgment are, and each is, hereby dismissed.

Seawell, J., Shenk, J., Curtis, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.