[Civ. No. 9010. Second Appellate District, Division One.—May 2, 1933.]

EDWARD RAINEY, as Superintendent of Banks, etc., Plaintiff, v. ELLEN B. CROWDER et al., Respondents; H. B. STANDLEY et al., Appellants.

Derthick, Cusack & Ganahl for Appellants.

W. W. Middlecoff for Respondents.

CONREY, P. J.—In this action of interpleader the defendants Standley have appealed from that portion of the judgment which awarded the disputed fund to certain co-defendants of the appealing defendants. The respondent defendants have duly presented their motion for dismissal of the appeal upon the ground that no transcript on appeal has been filed; and that no proceeding has been taken to obtain a bill of exceptions or any transcript, and that the time for such proceedings, and for filing of a transcript in this court, has expired; and on the ground that the notice of appeal "was not filed in time".

The following dates of proceedings are noted: 1932, September 21, judgment entered; September 30, notice of entry of judgment served and filed; November 14, motion for new trial denied; December 14, notice of appeal filed; 1933, March 7, notice of motion to dismiss appeal filed herein.

In opposing the motion to dismiss, appellants contend that their notice of appeal was within time, because it was filed within thirty days after the ruling on motion for new trial. (Code Civ. Proc., sec. 939.) Since it appears that the motion for new trial was pending within sixty days from the date of entry of judgment, it would appear that this contention of appellants should be sustained. We think that the fact that the motion for new trial had been denied less than sixty days after the date of entry of judg-

ment does not deprive appellant of the thirty days allowed for filing of notice of appeal after entry of the order denying the motion for a new trial. It is argued by counsel for respondents that the notice of appeal came too late because the proceeding on motion for new trial was not pending at the end of the sixty-day period following the entry of judgment,—the motion having been denied on November 14th. In support of this position he refers to *Iske* v. *Stockwell-Kling Corp.*, 128 Cal. App. 203 [17 Pac. (2d) 203], *Bates* v. *Ransome-Crummey Co.*, 42 Cal. App. 699 [184 Pac. 39], and *Ransome-Crummey Co.* v. *Beggs*, 185 Cal. 279 [196 Pac. 487]. It must be admitted that in these decisions (other than the Iske case) there are statements to be found which in their literal reading tend to support the contention made by respondents. But the cases themselves were cases wherein there had not been any attempted proceedings on motion for new trial until after expiration of the sixty-day period which primarily constitutes the time limited for appealing from a judgment. Presumably the Supreme Court had in mind this distinction when in making its order denying a petition for rehearing in *Bates* v. *Ransome-Crummey Co.*, *supra*, it inserted in the order a reference to *Pacific Light & Power Corp.* v. *Kauffman*, 39 Cal. App. 499 [179 Pac. 452]. In that case, also, the fact was that the appellant had not filed his notice of intention to move for a new trial until the sixty-day period from entry of judgment had expired. But in its opinion the court limited itself strictly to a statement of the rule applicable to those facts and said: "But it is our opinion that the Code of Civil Procedure does not authorize a party, whose right of appeal from a judgment has expired, to revive that right of appeal by subsequently giving notice of intention to move for a new trial. The phrase 'if proceedings on motion for a new trial are pending' (secs. 939 and 941b) refers exclusively to such proceedings *pending within* the period of sixty days from the entry of the judgment. This appears so plainly to be the meaning of the language used that we are unable to give it any other construction. . . . To sustain the right of the plaintiff to maintain this appeal, we would be attempting to revive a right which has been lost, and which cannot be revived without construing the statute against the direct statement of its intention." We think that the statute as written reason-

ably allows a construction which will in all instances fully preserve the right of a party who promptly has made his motion for a new trial, to have the benefit of the extension of time, not exceeding thirty days, for taking his appeal.

As above noted the record fails to show that any written notice of the ruling on motion for new trial was ever given to appellants, or that such notice had been waived in writing, or by oral stipulation made in open court and entered upon the minutes. If there ever was any such written notice or waiver thereof the burden was upon respondents, as the moving parties, to establish that fact. The conclusion necessarily follows that, so far as shown by the record, the time within which appellants were required to prepare bill of exceptions or make request for transcript has not expired. (*Griffin* v. *Kent*, 206 Cal. 263 [274 Pac. 56].)

For the foregoing reasons, the motion to dismiss appeal is denied.

Houser, J., and York, J., concurred.