GRIFFIN, P. J.
It is our opinion that respondent’s motion to dismiss this appeal should be denied.
Under the provisions of section 983a, Code of Civil Procedure, a party against whom judgment is rendered is given sixty days within which to take an appeal from such judgment where no notice of entry of judgment has been given by the adverse party. The language of the section is, in part, “but the time within which such appeal may be taken shall not in any event exceed sixty days after entry of the judgment or order, except that if proceedings on motion for new trial are pending, the time for appeal from the judgment shall not expire until fifteen days after entry of an order determining such motion for a new trial. . . . The time for appeal is also extended in the manner, for the period, and under the circumstances prescribed in section 12a of this code.” (Emphasis ours.)
In the instant ease a motion for new trial was made and denied by the trial court before the expiration of the sixty-day limitation on appeals from judgments. The order denying such motion was made more than fifteen days prior to the filing of appellant’s notice of appeal and it is the contention of respondent that because thereof the appeal is too late. In support of his contention respondent has cited several cases in his brief and in a subsequent memorandum, but in none of these cases is the question involved herein decided. Whatever language found therein apparently favorable to respondent’s position must be considered in relation to the situation before the respective courts and in none of them has it been decided that the time for appeal from a judgment (sixty days in the present case) has been curtailed. In most of the cases it appears that the primary limitation of time for appeal had expired and that the proceedings taken by the appellants there were in effect an attempt to enlarge the time of appeal beyond the statutory period, which the upper courts held could not be so accomplished. There is no case that we have been able to find which in its holding curtails the statutory time of appeal, and practically all of these cases construe the effect of the statutory language of section 939, which deals with appeals from the superior court, as extending the time of appeal beyond the limitation of the statute to a period thirty days from the date of the termination of the motion for new trial. (See Bates v. Ransome-Crummey Co., 42 Cal.App. 699 [184 P. 39]; Jackson v. Dolan, 202 Cal. 468 [261 P. 706]; Deacon v. Deacon, 201 Cal. 190 [255 P. 798].)
*985 In Rainey v. Crowder, 131 Cal.App. 562 [21 P.2d 593, 594], a motion for new trial was heard and determined within the sixty-day period provided for appeals from judgments. Notice of appeal was given by defendants after the primary time for appeal had expired but within the extension period provided by section 939, Code of Civil Procedure. The appellate court, holding that the appeal was timely, made the following observation: “We think that the statute as written reasonably allows a construction which will in all instances fully preserve the right of a party who promptly has made his motion for a new trial, to have the benefit of the extension of time, not exceeding thirty days, for taking his appeal.” (Emphasis ours.)
It is our opinion that, in enacting sections 939 and 983a, Code of Civil Procedure, which, though different in language, are similar in meaning, the Legislature had no intention of curtailing or reducing the time within which an appeal from a judgment may be taken but were providing for an extension of such time under the conditions set forth in these sections.
The notice of appeal having been given within the sixty-day limitation is timely and respondent’s motion to dismiss should therefore be denied.
McWilliams, J., and Foley, J., concurred.