CARMEN A. DE McKINLEY *et al. v.* DANIEL TUTTLE, GAUDALUPE CASTRO, SIMEON CASTRO, JOAQUIN CASTRO, AND FIFTY OTHERS.

MODE OF APPLICATION TO SET ASIDE JUDGMENT.—An application to set aside a judgment, where the moving party has been represented by an attorney at the trial which resulted in the rendition of said judgment, should be by motion for a new trial under section one hundred and ninety-five of the Practice Act; but where the application was founded on the facts, to wit : that the moving party had not been present at the trial, neither in person nor by attorney, that he had no notice of said judgment until the lapse of the term at which it was rendered, and had a meritorious defense : *held*, that it was properly made under the provisions of section sixty-eight of the Practice Act, and was properly granted.

SETTING ASIDE JUDGMENT.—Where L., who was a regularly licensed attorney, had appeared for certain three of the defendants to an action, pending in the District Court, (there being over fifty defendants in all,) by filing for and in th

name of said three defendants a demurrer to the plaintiffs' complaint, and serving copy thereof on plaintiffs' attorneys, and afterwards had appeared and taken part at the trial of the cause, but, in fact, not as attorney for said three defendants, by whom he had only been employed to put in said demurrer, but failed to give plaintiffs' attorneys any notice, nor had they otherwise any notice, of the said or any limitation of his said employment and appearance : *held,* that this made a clear *prima facie* case of appearance of said three defendants by attorney at said trial, and would, in case of a collateral attack on the judgment rendered thereat, be held conclusive of the fact of such appearance ; but on a motion to set aside said judgment, made under the provisions of section sixty-eight of the Practice Act, it was allowable, in behalf of the motion, to show the true facts by any competent evidence.

IDEM—FORM OF ORDER.— The effect of an order setting aside a judgment rendered for plaintiffs and against over fifty defendants, which order was general in its terms, but was made on motion of three defendants only, which fact, as a predicate, was also recited in the order : *held,* that the judgment as to the remaining defendants was unaffected thereby.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

Plaintiffs brought suit, in the District Court of Santa Cruz County, against Guadalupe Castro, Simeon Castro, Joaquin Castro, and fifty other defendants, in ejectment. The three defendants named were regularly served and in due time by Julius Lee, Esq., who had been employed for that special and limited purpose, filed a demurrer to the plaintiffs' complaint. This demurrer being overruled, thereafter an answer was filed in behalf of one of said three defendants by W. H. L. Barnes, Esq., who, at the time and long after the lapse of the term of Court at which the judgment hereafter named was rendered, was mistakenly supposed and believed by said three defendants to have been fully retained to represent them in all things as their attorney in said action, but who, in fact, was not employed, but, as a matter of supposed accommodation to another attorney whom he believed to have been so employed, filed said answer.

At the trial of said cause, at which proofs were taken, and divers attorneys appeared for different defendants of the said fifty, and one, the said Julius Lee, appeared and took part, but not for said three defendants or any of them ; although

plaintiffs' attorneys, not having had any notice from said Lee or otherwise of the said special and limited purpose of his retainer, supposed him and said Barnes to be acting as the attorneys of said three defendants, and after judgment rendered gave said Barnes notice thereof accordingly, by leaving written notice at his office, which Barnes never saw or had actual notice of. The Court rendered judgment against all of said defendants, of which said three defendants received no notice and had no knowledge, until after the lapse of the term of Court at which the judgment was rendered, when, by their attorney, W. W. Crane, Jr., Esq., they moved, under the provisions of section sixty-eight of the Practice Act, to set aside said judgment, predicating said application upon the foregoing facts, together with the sworn allegation of having a meritorious defense to said action. These facts were set forth in divers affidavits, on which said motion was made, and resisted. The Court below granted the order following, to wit:

" Carmen A. De McKinley _et al._
　　_v._
Daniel Tuttle _et al._

" The order to show cause why the judgment entered in this action against the defendants Guadalupe Castro, Simeon Castro, and Joaquin Castro, should not be vacated and set aside, having been submitted upon the affidavits of W. H. L. Barnes, Guadalupe Castro, and W. H. Patterson and Joseph Phelan. And it appearing to me from the said affidavits that the said defendants have a meritorious defense to the action; and that the trial was had, and judgment taken against them in their absence, and the absence of the said W. H. L. Barnes, their attorney; and that this absence was caused by a mutual and honest mistake on the part of both of them as to the retainer of the said Barnes as attorney for them in the action; and that neither of them knew of the trial of the action or the rendition of judgment therein until

after the adjournment of the term of the Court at which the trial was had, and the judgment against the defendants rendered.   Therefore it is ordered that the judgment herein be set aside and vacated upon the payment to plaintiff's attorney, of all the costs taxed in the case against the said defendants within five days after notice of this order to the defendants or their attorney, W. W. Crane, Esq.; and upon the further condition that the defendants shall go to trial of the cause at the next term of the Court in Santa Cruz County.

" Dated March 25th, 1867.

" S. B. McKEE, Dist. Judge."

Plaintiffs excepted to the granting of said order, and appealed therefrom, upon a settled statement containing said facts, to this Court.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellants, argued :

That, under the circumstances disclosed in this case, the respondents must be deemed to have appeared by attorney at the trial, and hence were not entitled to resort to a procedure under the sixty-eighth section of the Practice Act, for the purpose of vacating the judgment against them, but were remitted to their remedy under the provisions of the one hundred and ninety-fifth section of the Act.   That they could not proceed under the sixty-eighth section, where, as in this case, the record showed: first, that they had an attorney of record; second, it was not shown that the attorney appeared in the action without authority; third, it did not appear that the attorney had been guilty of actual fraud; and, fourth, it did not appear that the attorney was insolvent; and cited *Board of Commissioners* v. *Young,* 29 Cal. 149.

They further argued, that the actual service of the statutory notice of rendition of judgment, when made upon the

attorney of record, is, as matter of law, conclusive that the client had notice.

They further argued, the order appealed from in effect set aside the entire judgment against all the defendants to the action, and hence was erroneous.

*W. W. Crane, Jr.*, for Respondents, argued:

That the order appealed from was within the clear discretionary power of the Court below, and this Court will not disturb this exercise of discretion, unless clearly and palpably in violation of the plainest dictates of law and justice; and cited *Roland* v. *Kreyenhagen*, 18 Cal. 456; *Woodward* v. *Backus*, 20 Cal. 141; and *Bailey* v. *Taaffe*, 29 Cal. 424.

He further argued, that upon the facts disclosed in the record, it clearly appeared that respondents, neither in person nor by attorney, were present at the trial, and had no notice of the rendition of the judgment against them, until after the lapse of the term at which it was rendered, and hence they might properly resort to the remedies provided in the sixty-eighth section of the Practice Act; that, indeed, they would otherwise have been remediless.

By the Court, Sanderson, J.:

If we assume, as claimed by counsel for appellants, that Lee attended the trial as attorney for the respondents and conducted the defense on their behalf, their remedy would undoubtedly have been by motion for a new trial under section one hundred and ninety-five, and not by motion for relief from the judgment under section sixty-eight; but to so assume is to assume the principal point in controversy. The respondents claim that they were not at the trial in person nor by counsel through a mistake, which is shown and explained by the affidavits by which they supported their motion. If this be so, they have not mistaken their remedy.

The Judge who presided at the trial found, as his order

setting aside the judgment shows, that the judgment was taken by the appellants in the absence of the respondents and their counsel, and that this absence resulted from a mutual and honest mistake between them as to the retainer of the latter, and we think this finding is not only sustained by the affidavits presented on the side of the respondents, but that it is not contrary to the affidavits on the side of the appellants when carefully read. It is nowhere directly stated in the appellants' affidavits that Lee attended the trial and participated as the attorney of the respondents. The language used in his affidavit by Patterson is that "Julius Lee, attorney of Guadalupe Castro, and who interposed a demurrer on behalf of said Guadalupe Castro, was present in Court when this case was tried, and took part in the trial thereof." From this language we do not understand Patterson as intending to state positively and as of his own knowledge that Lee was present and participated in the trial as attorney for Guadalupe Castro. He does not so state in terms, nor do we consider that he intended that his language should be so construed. Lee had filed, as the record shows, a demurrer on behalf of Guadalupe Castro; but, as the record also shows, there were some fifty defendants, for some or all of whom Lee may have appeared for aught that appears from the record. Patterson's language must be read by the light of these facts. So read, we understand him as stating in substance precisely what might be legally presumed from those facts, and nothing more. Lee having filed a demurrer on behalf of Guadalupe Castro, the presumption would be that he had been retained for the purposes of the trial. His subsequent appearance and participation in the trial, unexplained, would be presumed to have been, in part at least, in compliance with such retainer. This made a *prima facie* case for the appellants, which is all, as we consider, that Patterson intended to say in his affidavit.

This *prima facie* case is, however, fully met and explained by the other side, who show, without contradiction, that

Mr. Lee's retainer went no further than the filing of the demurrer, which was put in solely for the purpose of preventing a default being taken, and that he was not only not retained to appear at the trial on the part of the respondents, but that he did not so appear.

While it is not expressly so stated, yet it is at least assumed on the part of the appellants, that Lee not having given them any notice of the limited character of his retainer they had a right to consider him as having a full retainer, and that the respondents must be considered as conclusively bound by what appeared to appellants to be the case; or, in other words, that the respondents cannot be allowed to contradict the record. Such would doubtless be the result if the question had arisen collaterally, but not so in a direct proceeding in the same action to set aside the judgment under section sixty-eight. In such a case the parties are not concluded by the record in any respect; on the contrary they are allowed to show the true facts by any competent evidence.

The order of the Court does not set aside the judgment against all of the defendants, as claimed by counsel for appellants. The effect of the order, though general in its terms at the close, is to be ascertained by a reference to the motion upon which it was made and which is recited at the commencement. The motion was made on behalf of Guadalupe, Simeon and Joaquin Castro only, as is there recited, and the subsequent language must be read as granting relief to them and them only.

On the question of mutual mistake between Castro and Barnes in relation to the retainer of the latter there is no conflict of evidence. The mistake fully explains the absence of Barnes or other counsel, and clearly entitles the Castros to relief under the sixty-eighth section. The affidavit of Guadalupe Castro shows that in retaining Barnes, as he supposed, he was acting also on behalf of Simeon and Joaquin,

31

and hence there was no error in setting aside the judgment as against them as well as Guadalupe.

Order affirmed.