[S. F. No. 2112. Department Two.—September 18, 1900.]

## S. T. MOORE, Respondent, v. THOMAS F. MORRISON, County Auditor of Santa Clara County, Appellant.

APPEAL—DISMISSAL—SATISFACTION OF JUDGMENT—MOOT CASE.—An appeal will be dismissed where it appears that the judgment appealed from has been satisfied, and that the questions presented have become merely a moot case.

ID.—MANDAMUS TO COUNTY AUDITOR—COMPLIANCE WITH MANDATE—APPEAL PRECLUDED—STAY BOND.—Where a *mandamus* has been granted by the superior court to compel the county auditor to issue his warrant for the amount of a claim allowed by the board of supervisors, the voluntary compliance of the auditor with the mandate precludes the prosecution of any appeal therefrom, either by him or by the county on his behalf, although a stay bond upon appeal has been dispensed with upon the order of the court.

ID.—CLAIM AGAINST COUNTY—ESTOPPEL OF JUDGMENT AGAINST AUDITOR—COUNTY NOT ESTOPPED—MONEY PAID UPON ILLEGAL DEMAND.—A judgment in *mandamus* to compel the county auditor to draw his warrant for the payment of a claim against the county, though it estops the auditor when made final by dismissal of an appeal therefrom, cannot estop the county which is not a party to the action. The county cannot be prejudiced by the dismissal of such appeal; nor does the act of the county

auditor in complying with the mandate of the court have any other effect upon the rights of the county to recover money paid upon an illegal demand than it would have had if no legal proceedings had been commenced.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge ruling upon demurrer. A. S. Kittredge, Judge rendering judgment.

The facts are stated in the opinion of the court.

James H. Campbell, District Attorney, for Appellant.

Jackson Hatch, for Respondent.

BEATTY, C. J.—This is a proceeding in mandate to compel the defendant, as county auditor, to draw his warrant for the amount of a claim allowed by the board of supervisors. By general demurrer the defendant questioned the legality of the claim. The demurrer was overruled, and, defendant failing to answer, plaintiff had judgment, from which defendant appealed. But although an order was made dispensing with a stay bond, and notwithstanding the stay of proceedings, the defendant has drawn his warrant, as commanded by the judgment of the superior court, and the judgment has been satisfied. Respondent, therefore, moves to dismiss the appeal, upon the ground that it has become a moot case. Counsel for appellant, who is at the same time district attorney of the county, concedes that the voluntary compliance of the defendant with the mandate of the superior court, and the satisfaction of the judgment, would ordinarily be sufficient ground for the dismissal of the appeal, but he insists that in this case the county is the real party in interest, and that the appeal, though in form an appeal by the auditor, is in substance and effect an appeal by the county, whose rights cannot be prejudiced by the voluntary act of the nominal defendant. To sustain this contention he refers us to section 8 of the County Government Act, which makes it the duty of the district attorney, without any order from the board of supervisors, to sue for the recovery of all moneys paid out of the county treasury upon illegal demands, and he argues that, since neither the auditor nor treasurer can prejudice the rights of the county by paying an illegal claim

before suit, they cannot be allowed to do so after suit—a result which, he says, would be accomplished if this judgment should be virtually affirmed by a dismissal of the appeal. We do not think, however, that any right of the county would be impaired by a dismissal of this appeal. The defendant, by his voluntary act, has prevented the county from prosecuting the appeal in his behalf, and, while the judgment may estop him, it cannot be held to estop the county, which is not a party to the action, and cannot control it. The act of the defendant in drawing his warrant after the stay of proceedings granted has no other effect as regards the rights of the county than it would have had if no legal proceedings had been commenced. The appeal is dismissed.

Temple, J., and Henshaw, J., concurred.