[Civ. No. 3642. Second Appellate District, Division Two.—May 24, 1922.]

## W. R. SMITH, Respondent, v. MANUEL QUESTA, Appellant.

[1] JUDGMENT—MOTION TO VACATE—CONFLICTING AFFIDAVITS—APPEAL. An order denying a motion to vacate a judgment must be affirmed on appeal where the affidavits used on the motion are in substantial conflict.

[2] APPEAL—ORDER DENYING MOTION TO VACATE JUDGMENT—TIME.— An appeal from an order denying a motion to vacate a judgment is too late where the notice of appeal is not filed within sixty days after the entry of the order.

[3] ID.—APPEAL NOT TAKEN IN TIME—DISMISSAL—MOTION OF COURT. An appeal from an order denying a motion to vacate a judgment not taken in time must be dismissed by the court of its own motion, in the absence of a motion by the respondent.

[4] ID.—ORDER DENYING MOTION TO VACATE JUDGMENT—AUTHENTICATION OF RECORD.—On an appeal from an order denying a motion to vacate a judgment, the papers and records used on the motion must be authenticated by the certificate of the judge, and not by that of the clerk.

[5] ID.—DENIAL OF REHEARING OF MOTION—NONAPPEALABLE ORDER.— An order denying a motion to set aside a judgment is an appealable order, but an order refusing to hear an application for a rehearing of the motion is not appealable, since an appeal will not lie from an order refusing to set aside a former appealable order, regularly and advisedly made.

58 Cal. App.—1                    (1)

[6] NEW TRIAL—TIME—NOTICE OF ENTRY OF JUDGMENT—WAIVER.—
    While the statute requires written notice of the entry of the
    judgment to be served upon the adverse party to set the time
    in motion for giving notice of intention to move for a new trial,
    such formal written notice may be waived, and an application for
    an order to vacate the judgment constitutes such a waiver.

[7] ID.—JUDGMENT—TIME.—The right of appeal from a judgment was
    lost where the appeal was taken more than sixty days after its
    entry, and the notice of intention to move for a new trial was
    not filed until seventy-seven days after the entry of the judg-
    ment.

APPEALS from a judgment of the Superior Court of
Imperial County and from certain orders refusing to vacate
and set aside same, and from an order refusing to hear a
motion for a new trial. Franklin J. Cole, Judge. Order
refusing to hear motion for new trial affirmed, other appeals
dismissed.

The facts are stated in the opinion of the court.

Joseph F. Seymour for Appellant.

Hill, Lee & Smith for Respondent.

FINLAYSON, P. J.—In this action for the restitution
of leased premises and for damages alleged to have been
sustained by reason of defendant's breach of certain cove-
nants, plaintiff recovered judgment in the absence of de-
fendant from the trial, and the latter now appeals from
the judgment and likewise from an order denying his mo-
tion to set it aside. He also appeals from an order sus-
taining an objection to hearing his motion for a new trial
and his motion for a rehearing of his motion to set aside
the judgment.

The action was commenced October 14, 1920. Defendant,
appearing by an attorney who has since been superseded by
present counsel, filed an answer and likewise a cross-com-
plaint. In due time plaintiff answered the cross-complaint.
On October 29, 1920, the case being then at issue, the court,
on motion of plaintiff's counsel, set the cause for trial on
December 1, 1920. On October 31, 1920, defendant's coun-
sel received notice of the setting of the case for trial. Not-
withstanding the receipt of such notice by defendant's coun-

sel, neither he nor his client appeared in court when the case came on for trial December 1, 1920. Plaintiff, therefore, in the absence of defendant and his counsel, put in his evidence, and a judgment in his favor was rendered and entered December 10, 1920. Shortly before the opening of court on the morning of the day for which the case was set for trial, defendant's counsel called plaintiff's counsel on the telephone and asked for a short continuance of the case on account of his client's absence. Plaintiff's counsel refused to accede to the request, and defendant's counsel concluded that it was useless for him to appear in court without his client.

On January 22, 1921, defendant, who in the meantime had substituted his present counsel for his former attorney, served and filed a notice that he would move the court to set aside the judgment on the ground that it had been taken against him through inadvertence, surprise, and excusable neglect. He accompanied his notice with an affidavit made by himself, wherein, after admitting that his former attorney had received due notice that the cause was set for trial December 1, 1920, he deposed that he himself knew nothing about the trial or of the date set therefor, and that if his attorney had notified him that the case had been set for trial he would have been present with his witnesses. Counter-affidavits were filed by plaintiff, as well as additional affidavits on behalf of defendant. In one of the counter-affidavits, an affidavit made by defendant's former counsel, it is positively affirmed by the affiant that he did notify his client, the defendant here, that the case was set for trial on December 1, 1920, but that defendant failed to keep his promise to appear at the trial and bring his witnesses with him; and that the only reason why affiant did not appear was that he could not try the case without the presence of his client and his witnesses.

[1] The affidavits are quite voluminous, but from what we have set forth it sufficiently appears that there was a substantial conflict in the evidence upon which the court denied defendant's motion to set aside the judgment. So that, even if the appeal from the order denying defendant's motion to vacate the judgment had been taken in time—a matter which we presently shall consider—it would be our duty to affirm the order for the reason that, there

being a substantial conflict in the affidavits, the action of the trial court in determining whom to believe is conclusive on the appeal to this court. The statements in the affidavits that favor respondent must control. (*Patterson* v. *Keeney*, 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043].)

On February 18, 1921, the court denied defendant's motion to set aside the judgment. Thereafter, namely, on February 25, 1921, defendant filed a notice that he would move the court to grant him a rehearing of his motion to set aside the judgment. At the same time he filed a notice of his intention to move for a new trial. The record before us is silent as to any service upon plaintiff of either of the last-mentioned notices. Plaintiff objected to any hearing of defendant's motion for a rehearing of his application to set aside the judgment. Plaintiff likewise objected to any hearing of defendant's motion for a new trial. On March 10, 1921, the trial court sustained plaintiff's objection to hearing defendant's motion for new trial and likewise sustained the objection to hearing defendant's motion for a rehearing of his application to vacate the judgment. The notice of appeal was filed April 25, 1921.

[2] The appeal from the order denying defendant's motion to vacate the judgment was taken too late. That order was entered in the minutes of the court on February 18, 1921. The notice of appeal was filed April 25, 1921, or sixty-six days after the entry of the order. An appeal from such an order must be taken within sixty days after its entry in the minutes. (Code Civ. Proc., sec. 939.)

[3] The statutory time for taking an appeal is jurisdictional and mandatory; and where an appellant has made no attempt to appeal until after the time prescribed by the statute, the court is without jurisdiction. (*Estate of Brewer*, 156 Cal. 90 [103 Pac. 486]; *Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 Pac. 486].) Respondent has made no motion to dismiss the appeal. Indeed, he has made no appearance in this court by printed brief or otherwise. But, since this court is without jurisdiction of the appeal, we, of our own motion, and notwithstanding respondent's failure to appear and move a dismissal, are bound to dismiss the appeal from the order denying

defendant's motion to set aside the judgment. (*Langan*
v. *Langan*, 89 Cal. 186 [26 Pac. 764]; *McLaughlin* v.
*Menotti*, 89 Cal. 355 [26 Pac. 880]; *People* v. *Walker*, 132
Cal. 137 [64 Pac. 133].)

[4] Moreover, the transcript before us has not been
authenticated by the judge's certificate. The record here
consists of a clerk's typewritten transcript containing the
judgment-roll, together with certain papers and records
purporting to have been used on the proceedings had
subsequent to the entry of the judgment. This transcript is
certified by the clerk, but not by the judge. In *Barna-
bee* v. *Hunstock*, 42 Cal. App. 659 [183 Pac. 951], and
*Reed* v. *Clark*, 57 Cal. App. 243 [206 Pac. 1018], it was
held that where the order appealed from is subsequent to the
judgment, and arises on a record outside of the judgment-
roll, it is not for the clerk but for the judge who de-
termined the motion to certify the papers and proceedings
on which the order appealed from was made, and that
in the absence of a record so certified the order should
be affirmed. Here the order cannot be affirmed because,
the appeal not having been taken in time, the court is
without jurisdiction, and the appeal must be dismissed.

[5] The order refusing to hear defendant's application
for a rehearing of his motion to vacate the judgment is
not appealable, and therefore must be dismissed. The
first order, that made on defendant's original motion to
set aside the judgment, was an appealable order. An
appeal will not lie from an order refusing to set aside
a former appealable order, made regularly and advisedly.
Such subsequent order is the mere negative action of the
court declining to disturb its first decision. It is the
first decision, and not the refusal to alter it, which is the
proper subject of complaint. (*Henly* v. *Hastings*, 3 Cal.
341; *Harper* v. *Hildreth*, 99 Cal. 265 [33 Pac. 1103];
*Doyle* v. *Republic Life Ins. Co.*, 125 Cal. 15 [57 Pac. 667].)

[6] In sustaining the objection to hearing defendant's
motion for a new trial the court did not err. There is some
doubt whether a new trial is the proper remedy when the
defendant has not appeared at the trial. (See *McKinley*
v. *Tuttle*, 34 Cal. 235, and Hayne on New Trial and·
Appeal, sec. 9.) But regardless of whether a new trial
was an appropriate remedy, defendant's notice of in-

tention to move for a new trial was filed too late, and
for that reason alone the court was warranted in refusing
to entertain the motion. The party intending to move
for a new trial must file and serve his notice of intention
"within ten days after receiving notice of entry of the
judgment," when the case is tried by the court without
a jury. In this case the judgment was entered December
10, 1920. Defendant's notice of intention to move for a
new trial was filed February 25, 1921. The record before
us is silent as to any service on defendant of a formal
written notice of the entry of the judgment. But, though
the statute requires written notice of the entry of judg-
ment to be served upon the attorney for the adverse party,
such formal written notice may be waived. Such waiver
may appear, as declared in *Mallory* v. *See,* 129 Cal. 356,
359 [61 Pac. 1123], from some act of acquiescence of the
party in open court or in the proceedings in the case as
disclosed by the records, or files of the case or the minutes
of the court, when the conduct of the party in the case,
as appears from such records or minutes, is inconsistent
with any theory other than that he had notice of the entry
of the judgment. Under such circumstances he is deemed
to have waived written notice. A written admission by a
party entitled to notice, of knowledge that the judgment
had been entered would supersede the necessity of giving
such notice; and a motion to the court or other proceed-
ing by a party with reference to the judgment, which
presumes his knowledge that it has been made and entered
and by which he seeks to protect his own interests against
the rights of the other party under the judgment, will
be regarded as a waiver of his right to a notice of the
entry of the judgment. (*Gardner* v. *Stare,* 135 Cal. 118
[67 Pac. 5].) In the present case, the appellant, on Jan-
uary 22, 1921, or thirty-four days before he filed his
notice of intention to move for a new trial, filed a notice of
motion to set aside the judgment, accompanied by his affi-
davit. The contents of the papers which appellant thus
placed upon the files of the court leave no room to
doubt that, as early as January 22, 1921, his counsel
knew that the judgment had been entered. We hold,
therefore, that the application of appellant for an order
vacating the judgment was a waiver by him, as of that

date, of a formal written notice of the entry of judgment. And since the notice of intention to move for a new trial was not filed until February 25, 1921, the court had no jurisdiction to hear the motion, and, therefore, the objection to hearing it was properly sustained.

[7] The appeal from the judgment was taken more than sixty days after its entry. The notice of intention to move for a new trial was not filed until seventy-seven days after the entry of the judgment, with the result that no proceeding on motion for new trial had been inaugurated or was pending at the expiration of the sixty days after entry of the judgment within which an appeal might be taken from the judgment in the absence of any pending proceeding for a new trial. The right of appeal from the judgment was, therefore, lost. (*Ransome-Crummey Co.* v. *Beggs,* 185 Cal. 279 [196 Pac. 487].)

The appeal from the judgment is dismissed; the appeal from the order denying defendant's motion to set aside the judgment is dismissed; the appeal from the order refusing to hear defendant's motion for a rehearing of the order denying his motion to vacate the judgment is dismissed; the order sustaining plaintiff's objection to a hearing of defendant's motion for a new trial is affirmed.

Works, J., and Craig, J., concurred.