[Civ. No. 4408.   Second Appellate District, Division Two.—April 12, 1927.]

T. G. STEWARD et al., Respondents, v. JOSEPH SPANO, Appellant.

[1] APPEAL—NOTICE OF ENTRY OF JUDGMENT—NEW TRIAL—LOSS OF RIGHT OF APPEAL—TIME.—Where notice of entry of judgment is not given, the time within which a notice of intention to move for a new trial can be filed does not commence to run; and where such notice of intention to move for a new trial is not given until more than sixty days after the actual entry of judgment, the right of appeal is forever lost at the expiration of said sixty days, notwithstanding the failure to give notice of such entry.

(1) 3 C. J., p. 1053, n. 11; 29 Cyc., p. 939, n. 61.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Bernardino County.   J. W. Curtis, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

Joseph A. Allard, Jr., Allen J. Mitchell and Nichols, Cooper & Hickson for Appellant.

Ralph C. Homan and Isaac Jones for Respondents.

WORKS, P. J.—There is pending in this action a motion to dismiss the appeal.   The moving papers show that the judgment from which the appeal is attempted to be taken was entered July 12, 1922; that on July 14th notice that the judgment had been signed by the judge who tried the action was mailed by respondents' counsel to appellant's counsel; that on November 14th a notice of intention to move for a new trial was filed by appellant, and that the notice of appeal from the judgment was filed on February 15, 1923.

[1] It will be observed that the record fails to show that notice of the entry of judgment was ever given.

1.  See 2 Cal. Jur. 408; 20 Cal. Jur. 174.

Therefore the time within which a notice of intention to move for a new trial could be filed never commenced to run (Code Civ. Proc., sec. 659). Nevertheless, no proceedings for a new trial were pending here within the meaning of the provision contained in section 939 of the Code of Civil Procedure, to the effect that the time within which to appeal from a judgment does not expire until the lapse of a certain period after disposition is made by a motion for a new trial. This provision has no application to a case in which the notice of intention is not given until more than sixty days after the entry of judgment. In such a situation the right of appeal is forever lost at the expiration of the sixty days, as under other language of section 939 the time for taking an appeal from a judgment runs from the actual entry thereof and not from notice of such entry (*Ransome-Crummey Co.* v. *Beggs,* 185 Cal. 279 [196 Pac. 487]; *Smith* v. *Questa,* 58 Cal. App. 1 [207 Pac. 1036]).

The appeal is dismissed.

Thompson, J., and Johnson, J., *pro tem.,* concurred.