[Civ. No. 3884. Third Appellate District.—November 4, 1929.]

FREDERIC A. BLEY, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Frank B. Graves and Jesse W. Carter for Appellants.

Levinsky & Jones for Respondent.

THOMPSON (R. L.), J.—This is a motion to dismiss an appeal.

The respondent filed in the Superior Court of San Joaquin County a petition for a writ of prohibition asking that the appellant, Board of Dental Examiners of the State of California, be restrained from proceeding to investigate certain charges of alleged misconduct on the part of respondent in the practice of dentistry. Upon the filing of this petition a temporary restraining order was signed and issued together with an order to show cause why it should not be made permanent. To this petition a demurrer and answer were filed. Upon hearing the demurrer and order to show cause on the return day which had been fixed, the court on November 22, 1928, made the following minute order: "The above entitled cause having been heretofore tried by the Court and submitted to the Court for consideration and decision, the Court this day made an order that a writ of prohibition issue as prayed for, and overruled the demurrer to the petition on file herein."

From this order the appellant served and filed a notice of appeal "from the judgment . . . *made* and *entered* in said action on the 22nd day of November, 1928 . . . " This notice of appeal was not filed until January 26, 1929. On January 29th the appellant served notice on the clerk to prepare a transcript of proceedings pursuant to section 953a of the Code of Civil Procedure, which was done. From this transcript it appears the case was never heard on its merits. Nor does the record contain any formal order for the issuing

of a writ of prohibition, nor any such writ or findings of facts. The foregoing minute order was therefore clearly inadvertently made. From the affidavit and certificate of the county clerk which were filed in support of the motion to dismiss this appeal, it appears that the trial court subsequently, on February 15, 1929, modified its former minute order in the following language: ''The minute order made herein on November 22, 1928, was inadvertently made, and does not express the intention of the court, and is for that reason amended to read as follows: . . . the court this day made an order that a *temporary* writ of prohibition pending the trial of said action should issue herein. . . . '' This amendment of the court minutes is not refuted by the appellants.

■ From the foregoing amendment to the former minute order it appears that the issues presented by the attempted appeal have become moot. ■ When questions which have been raised by an appeal have been settled and are therefore moot, an appellate court will not consider them. (2 Cal. Jur. 804, sec. 472.) The remedy in the present case is for the parties to proceed to try the action on its merits.

■ Moreover, the original minute order from which the appeal was taken does not purport to be such a final decree as the statute contemplates from which an appeal is authorized. It is a mere minute order or court memorandum reciting that the court had that day ordered that ''a writ of prohibition issue as prayed for.'' The clear inference is that the court had authorized this by means of another written document, which does not appear in the clerk's certified record of the proceedings.

■ The appellants assume that this order was duly *made* and *entered* on November 22, 1928, for its notice of appeal is specific in that regard. Assuming that the order was duly made and entered on November 22, 1928, as the appellants declare it was, the notice of appeal was filed too late and was therefore ineffectual. Sections 939 and 940 of the Code of Civil Procedure require the notice of appeal to be filed with the clerk ''within sixty days from the entry of said judgment or order.'' ■ The limitation of time for filing the notice of appeal is not dependent upon notice of the entry of the judgment or order. The notice of appeal was not filed with the clerk until January 26, 1929, which was sixty-five days after the date alleged by the appellants to

have been the actual time of the entry of the order. The statute limiting the time in which an appeal may be taken is jurisdictional and mandatory. If the appeal is not taken within the time allowed by law, the appellate court has no power to entertain it. (*Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486]; *Smith* v. *Questa,* 58 Cal. App. 1, 4 [207 Pac. 1036]; *Bates* v. *Ransome-Crummey Co.,* 42 Cal. App. 699 [184 Pac. 39]; *Donaldson Inv. Co.* v. *Shay,* 86 Cal. App. 763 [261 Pac. 499].)

The respondent's motion is granted and the appeal is hereby dismissed.

Finch, P. J., concurred.