[L. A. No. 11582. In Bank.—November 15, 1929.]

EMMA COOK, Respondent, v. GEORGE COOK, Appellant.

Geo. M. Cook for Appellant.

M. G. Brittan for Respondent.

WASTE, C. J.—Respondent moves to dismiss the appeal taken by appellant from an interlocutory decree of divorce and from two orders subsequently made, which are not identified by date, but which we assume from the transcript to be an order denying a motion to set aside the interlocutory decree and an order denying a motion to dismiss the action. The motion to dismiss the appeal is made on the ground that the appellant failed to file his notice of appeal and his notice to prepare transcript, and to perfect his appeal within the time required by law.

502

█ The notice of appeal was not filed until one hundred and eighty days after the entry of the interlocutory decree, nor was it filed within sixty days after the entry of the orders sought to be appealed from. It follows, therefore, that the appeal was not taken in time. (Code Civ. Proc., sec. 939.)

█ Appellant attempts to justify his delay by invoking the provisions of section 953d of the Code of Civil Procedure, and insists that, as written notice of the entry of the judgment was not given him, his appeal was taken within time. That section, however, does not help him, for it does not relate to notices of appeal which must be filed within sixty days after the entry of the judgment or order appealed from, but applies only to the notices required by the provisions of section 650 of the code relating to settlement of bills of exceptions, section 659 relating to motions for a new trial, and section 953a relating to preparation of transcript on appeal.

The motion to dismiss is granted.

Seawell, J., Richards, J., Curtis, J., Preston, J., Langdon, J., and Shenk, J., concurred.