[Civ. No. 7963. Second Appellate District, Division One.—September 1, 1931.]

H. B. BUSING, as Administrator, etc., Appellant, v. EDGAR B. MOORE, Respondent.

Elliott H. Barrett for Appellant.

J. Irving McKenna and Catherine A. McKenna for Respondent.

HOUSER, J.—In this motion to dismiss the appeal from the judgment, the record shows that the judgment was entered on December 2, 1930; that the notice of intention to move for a new trial was filed on February 28, 1931, which motion was denied on March 31, 1931; and that the notice of appeal from the judgment was not filed until the twenty-seventh day of April, 1931.  It thus appears that considerably more than sixty days elapsed after the entry of the judgment before appellant either filed notice of his intention to move for a new trial, or filed notice of appeal from the judgment.

As far as affects the instant matter, section 939 of the Code of Civil Procedure provides that:

"An appeal may be taken from any judgment . . . within sixty days from the entry of said judgment . . . If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion."

Section 953d of the Code of Civil Procedure is as follows:

"Any notice of entry of judgment, or of order granting or denying a motion for a new trial, required by the provisions of section 650, section 659 or section 953a of this code, must be given in writing, unless written notice thereof be waived in writing or by oral stipulation made in open court and entered in the minutes."

Construing the provisions of said section of the code with reference to the effect of a notice of intention to move for a new trial upon the right of appeal, in the case of *Ransome-Crummey Co.* v. *Beggs,* 185 Cal. 279 [196 Pac. 487], it is held that (syllabus):

"The provision of section 939 of the Code of Civil Procedure extending the time for appeal from the judgment if proceedings on motion for a new trial are pending has no application unless such proceeding is instituted within the sixty days after entry of judgment within which an appeal may be taken from the judgment, in the absence of any new trial proceeding, and if within such sixty days no such proceeding be instituted and no appeal from the judgment is taken, the right of appeal from the judgment is forever lost." To the same effect, see *Smith* v. *Questa*, 58 Cal. App. 1 [207 Pac. 1036].

It therefore becomes apparent that in the circumstances hereinbefore set forth, the filing by appellant of his notice of intention to move for a new trial did not have the effect of extending the time within which he might appeal from the judgment.

But it is contended by the appellant that under the provisions of section 953d of the Code of Civil Procedure, in the absence of any waiver by him in writing of a written notice to him of the entry of judgment, or by oral stipulation made in open court to like effect and the same entered in the minutes, he was entitled to a written notice of the entry of the judgment before the statutory time within which an appeal from the judgment, as provided by the terms of section 939 of said code, would start to run. However, it appears that the authorities are clearly against the position assumed by appellant in that regard.

In the case of *Cook* v. *Cook*, 208 Cal. 501 [282 Pac. 385], it is held that (syllabus):

"Section 953d of the Code of Civil Procedure does not relate to notices of appeal which must be filed within sixty days after the entry of the judgment, . . . but applies only to the notices required by the provisions of section 650 of said code relating to settlement of bills of exceptions, section 659 of said code relating to motions for a new trial, and section 953a of said code relating to preparation of transcript on appeal." (See, also, *Bley* v. *Board of Dental Examiners*, 101 Cal. App. 666 [282 Pac. 19].)

It follows that the motion to dismiss the appeal herein should be granted. It is so ordered.

Conrey, P. J., and York, J., concurred.