[Civ. No. 4583. Third Appellate District.—June 13, 1932.]

In the Matter of the Application of JAKOB HULLEN for Citizenship. JAKOB HULLEN, Appellant, v. UNITED STATES DEPARTMENT OF LABOR, NATURALIZATION SERVICE, Respondent.

A. W. Hollingsworth and R. W. Henderson for Appellant.

George J. Hatfield, United States District Attorney, for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order of the superior court denying the application of Jakob

Hullen to become a citizen of the United States. This order was made on the ground that the petitioner was not attached to the principles of the Constitution. A motion to dismiss the appeal was made on the grounds that, (1) the law does not authorize an appeal from an order granting or denying a petition for citizenship, and, (2) the appeal was not perfected within the time allowed by law.

Upon hearing the application for citizenship the petitioner testified that he believed the government should confiscate all private property without compensation, and hold, use, manage and operate the same for the general benefit of the public. He admitted that he desired to become a citizen of the United States so that he might assist in carrying out his belief in these communistic principles. On September 17, 1930, this petition was heard and the superior court denied his application for citizenship on the ground that the alien was not attached to the principles of the United States Constitution. The order of court denying the application for citizenship was made in the following language:

"U. S. Department of Labor
 Naturalization Service

"Citizenship Petitions Denied

"State of California ⎫ ss.       . List No. 4
 County of Sonoma ⎭ In the Superior Court of California.

"Upon consideration of the said (1) petitions for citizenship listed below and the motion of C. J. Vermillion for the United States in open court made, that each of such petitions be denied, and the court having found for the cause stated opposite each petitioner named herein that the petition should not be granted, it is hereby ordered that each of said petitions be, and hereby is, denied.

| Petition No. | Name of Petitioner | Cause for Denial |
|---|---|---|
| 1618 | Jakob Hullen | Communist |

"By the Court, this 17 day of September, 1930.
"(signed) BENJAMIN C. JONES
"Judge."

From this order a motion for new trial was made and filed February 9, 1931. This motion was heard and denied

February 27, 1931. Notice of appeal was served and filed March 5, 1931, in the following language:

"To Paul Armstrong, Director of Naturalization and to Geo. P. Sanborn, Clerk of the above entitled court.

"Please take notice that the applicant in the above entitled matter hereby appeals to the Supreme Court, of the State of California, from the judgment rendered therein and from the whole thereof, by which petitioner's petition for citizenship is denied upon the ground that petitioner is not attached to the principles of the Constitution of the United States."

Jurisdiction to pass upon applications of aliens to become naturalized citizens of the United States is conferred upon superior courts of the various states by the United States statutes. (8 U. S. C. A., sec. 357, p. 402; *Sato* v. *Hall,* 191 Cal. 510 [217 Pac. 520].) Supervision of proceedings for the admission to citizenship of aliens is conferred upon the Bureau of Naturalization. (8 U. S. C. A., secs. 351–353, p. 401.) Congress has vested the Secretary of Labor with authority to "make such rules and regulations as may be necessary for properly carrying into execution the various provisions" for the naturalization of aliens. (8 U. S. C. A., sec. 356, p. 402.) Pursuant to the last-mentioned statute, rule 8, subdivision D, of the rules to govern naturalization procedure was adopted by the Secretary of Labor, as follows:

"There shall be furnished by the Bureau of Naturalization loose leaf sheets, Form 2228, 'Citizenship Petitions Granted,' and Form 2229, 'Citizenship Petitions Denied,' for use in making lists of petitions in the various naturalization courts *on which to enter orders granting or denying petitions,* respectively, . . . Such forms shall be prepared in triplicate and dated, the original and the duplicate copies for the signature of the court. The original lists after being dated, and signed by the court, will be bound in covers to be furnished by the Commissioner of Naturalization, and retained as a part of the permanent records of the court. The duplicate and triplicate copies of the lists will be transmitted by the clerk of the court to the proper district director of naturalization . . . after each final hearing for which they were prepared."

The proceedings and order denying the petitioner's application for citizenship in the present case were strictly followed in conformity with the rules of the Bureau of Naturalization and the federal statutes with relation thereto. Neither the motion for a new trial nor the notice of appeal was made for more than four months after the rendering of judgment denying the petition for citizenship.

█ The motion to dismiss the appeal must be granted for the reason that the appeal was not perfected within the time allowed by law. It is therefore unnecessary to determine the question as to whether the right of appeal exists from the order of a state court denying a petition for citizenship. We shall refrain from determining that problem. It is interesting, however, to note the fact that the case of *In re Wilkie*, 58 Cal. App. 22 [208 Pac. 144, 146], decided that a judgment of the superior court denying a petition for citizenship was not subject to review, because Congress had failed to authorize the appeal by means of appropriate legislation. That case was decided on the authority of *United States* v. *Dolla*, 177 Fed. 101 [21 Ann. Cas. 665]. This last-mentioned case was lately overruled by the Supreme Court of the United States in *Tutun* v. *United States*, 270 U. S. 568 [70 L. Ed. 738, 46 Sup. Ct. Rep. 425, 428], in which Mr. Justice Brandeis, who delivered the opinion of the court said:

"The Circuit Court of Appeals has jurisdiction to review by appeal the order or decree of the District Court denying the petition to be admitted to citizenship in the United States."

In entertaining jurisdiction of an application for naturalization the state courts act merely as the agents of the federal government. (*In re Wilkie, supra; In re Christern*, 56 How. Pr. (N. Y.) 5; *Eldredge* v. *Salt Lake County*, 37 Utah, 188 [106 Pac. 939].) In the Wilkie case above cited, adopting the language used in the case of *State* v. *Superior Court*, 75 Wash. 239 [Ann. Cas. 1915C, 425, 134 Pac. 916] it is said in that regard:

" 'The state courts, in exercising that jurisdiction, exercise it as a function of the national government, *and the procedure is controlled by the laws enacted by Congress.*' "

In the case of *In re Gee Hop*, 71 Fed. 274, and in *State* v. *Superior Court*, 75 Wash. 239 [Ann. Cas. 1915C, 425, 134

Pac. 916], it is also said the procedure in naturalization matters which are conducted in state courts is controlled by the acts of Congress. Since an appeal may be taken in naturalization matters from a United States District Court to the Circuit Court, as declared by the Supreme Court in the Tutun case, *supra,* on principle it follows that an appeal from the judgment of a state court, in a similar matter, should also exist, since the state courts are but agents for the federal courts in these proceedings, and they are governed by United States laws. Assuming there is authority for an appeal from the judgment of a state court denying a petition for citizenship, a serious question arises as to whether the appeal should be taken to the federal court or to the state Supreme Court. This question is not necessarily involved in the present proceeding.

Regardless of whether state or federal statutes apply, the appeal was not taken in this case within the time allowed by law. The judgment was rendered September 17, 1930. The motion for new trial was not made until February 9, 1931. Notice of appeal was not filed until March 5, 1931. This was more than four months after the rendering of judgment. ■ For the purpose of appeal the judgment must be deemed to have been entered when the minute order was made by the court and signed as required by rule 8, subdivision D, of the Procedure for Naturalization, which was adopted by the Secretary of Labor, pursuant to the authority therefor vested in him by the act of Congress. This judgment was entered in strict conformity with form 2229, above cited, which was specifically designated as the manner for rendering judgments denying citizenship in petitions for naturalization of aliens. This rule requires these separate form sheets to be furnished "on which to enter orders granting or denying petitions". They shall be dated and signed by the court. Compliance with this rule constitutes due entry of judgments in naturalization matters. It has been held that "Separate unbound sheets may constitute a judgment book within the meaning of the statute." (34 C. J. 58, sec. 185; *Lynch* v. *Burt,* 132 Fed. 417.)

It is not necessary that all orders of courts shall be formally written out and signed by the judge in order to become final judgments from which an appeal is authorized. For instance, judgments of nonsuit and orders granting or

denying motions for new trial may be made in open court. The minute orders with respect thereto become appealable without the signature of the judge. Section 581 of the Code of Civil Procedure provides:

"The dismissals mentioned in said subdivisions three, four, and five of this section must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered."

An appeal from such minute order, without more formal entry of judgment, is authorized. (*Bengel* v. *Traeger,* 100 Cal. App. 256 [280 Pac. 538].) In the present case the rules regulating the court's disposition of petitions for citizenship, which rules are authorized by an act of Congress, specifically provide for the manner of entry of judgment. The judge signed this order in the manner so provided. It therefore became a valid judgment of the court without further formality. ■ Sections 664 and 671 of the Code of Civil Procedure have no application to judgments denying or granting naturalization. A petition for citizenship is a special proceeding as distinguished from an action at law. (Secs. 22, 23, Code Civ. Proc.)

Regardless of whether the limitation of time in which to appeal from a judgment denying a petition for citizenship in a state court, is governed by federal or state enactments, the petitioner in the present case failed to perfect his appeal within the time allowed by law. Section 230 of the Judicial Code of the United States (28 U. S. C. A. 409, sec. 230) provides:

"No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be made within three months after the entry of such judgment or decree."

No notice of appeal, motion for new trial, or application for a writ of review was made in this case within three months after the entry of judgment. The effort to appeal was therefore ineffectual.

In view of the fact that state courts act in naturalization matters merely as agents for the federal courts, it may be true that an appeal from the judgment of a state court may lie to the federal court. If so, that appeal would necessarily have to be perfected pursuant to federal procedure, and not according to the rules of law governing the state courts.

Assuming, however, that the petitioner had a right of appeal to the Supreme Court under the provisions of subdivision 1 of section 963 of the Code of Civil Procedure, which recites that such an appeal may be taken "From a final judgment entered in an action, or special proceeding, commenced in a superior court, or brought into a superior court from another court," still the right of appeal was forfeited by failure to act within sixty days from the entry of the judgment. Section 939 of the Code of Civil Procedure provides:

"An appeal may be taken from any judgment or order of a superior court from which an appeal lies under any provision of this code, or of any other code, or under any other statute, within sixty days from the entry of said judgment or order."

The time allowed by statute for giving notice of appeal in the present case was not extended by virtue of the fact that a motion for new trial was subsequently filed. That notice of intention to move for a new trial was not filed until February 9, 1931. This was more than four months after the entry of judgment. Before the notice of intention to move for a new trial was filed, the time for appeal had expired, and the judgment then became final. (*Ransome-Crummey Co.* v. *Beggs,* 185 Cal. 279 [196 Pac. 487]; *Steward* v. *Spano,* 82 Cal. App. 306 [255 Pac. 532]; *Busing* v. *Moore,* 116 Cal. App. 465 [2 Pac. (2d) 841].) Notice of the entry of judgment was not necessary in order to start the running of the statute which limits the time for perfecting an appeal. (*Bley* v. *Board of Dental Examiners,* 101 Cal. App. 666 [282 Pac. 19]; *Cook* v. *Cook,* 208 Cal. 501 [282 Pac. 385].)

For the reason that the petitioner failed to perfect his appeal within the time allowed by law the motion to dismiss the appeal should be granted.

The appeal is dismissed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 13, 1932.