[Civ. No. 831. Fourth Appellate District.—October 18, 1932.]

FRUIT SUPPLY COMPANY (a Missouri Corporation), Appellant, v. TITLE GUARANTEE & TRUST CO. (a California Corporation), Executor, etc., Respondent.

Sigmund S'Renco for Appellant.

Guy Knupp for Respondent.

JENNINGS, J.—Respondent moves to dismiss the appeal from the judgment herein and from the order denying appellant's motion for a new trial, also from the order denying appellant's motion to vacate the judgment. The motion to dismiss the appeal is made on the ground that appellant failed to file his notice of appeal and his notice to prepare transcript and to perfect the appeal within the time required by law.

The certificate of the county clerk filed in support of respondent's motion shows that judgment was made and

entered on April 11, 1932; that on April 22, 1932, appellant served and filed a notice of intention to move for a new trial; that on May 4, 1932, appellant served and filed a notice of motion to set aside the judgment; that said motion for a new trial and said motion to vacate the judgment were argued and submitted to the court on June 6, 1932; that on June 6, 1932, an order was made and entered denying said motions; that on August 8, 1932, appellant filed notice of appeal from the judgment and from the order denying the motion for a new trial and from the order denying the motion to vacate the judgment.

It is thus made to appear that the notice of appeal was not filed until 119 days after entry of the judgment and that it was not filed within sixty days after entry of the orders from which an appeal is sought to be taken The appeal was not, therefore, taken in time. (Code Civ. Proc., sec. 939; *Cook* v. *Cook*, 208 Cal. 501 [282 Pac. 385]; *Lawson* v. *Guild*, 215 Cal. 378 [10 Pac. (2d) 459]; *Busing* v. *Moore*, 116 Cal. App. 465 [2 Pac. (2d) 841].)

Appellant attempts to justify his delay by invoking the provisions of section 953d of the Code of Civil Procedure, and insists that he was entitled to written notice of entry of judgment. The section cited does not apply to notices of appeal which must be filed within sixty days after entry of judgment or order from which an appeal is taken and is not therefore of assistance to appellant. (*Cook* v. *Cook, supra; Lawson* v. *Guild, supra.*)

Respondent's motion to dismiss the appeal is therefore granted.

Barnard, P. J., and Marks, J., concurred.