[Civ. No. 5533. Third Appellate District.—January 15, 1936.]

M. WM. HILD, Appellant, v. JUSTICE'S COURT OF STOCKTON TOWNSHIP, etc., et al., Respondents.

Lafayette J. Smallpage and Charles H. Epperson for Appellant.

Nutter & Rutherford and Stephen Dietrich for Respondents.

THE COURT.—The respondents have moved to dismiss this appeal on the ground that the issues which are presented thereby have become moot.

In a suit which was pending in the Justice's Court of Stockton Township, entitled *Rossi* v. *Hild,* a judgment for the sum of $350 and costs was rendered against this petitioner. On the theory that the judgment was void for lack of jurisdiction a writ of *mandamus* was subsequently filed in the

Superior Court of San Joaquin County, seeking to recall and quash a writ of execution which was issued in.that case to satisfy the judgment. The respondents demurred to the petition for a writ of *mandamus* on the ground that it fails to state facts sufficient to state a cause of action. The demurrer was sustained without leave to amend the petition. From the order sustaining the demurrer, the petitioner appealed to this court. Subsequent to the perfecting of an appeal to this court in the *mandamus* proceeding, the execution was levied and the judgment of the Justice's Court was fully satisfied.

The respondents moved to dismiss this appeal on the ground that the issues have become moot, by virtue of the subsequent levying of the execution and complete satisfaction of the judgment in question. The motion is supported by affidavits to that effect. These affidavits are not controverted. The issues which are presented on appeal in this proceeding having become moot, it is evident that the motion to dismiss the appeal should be granted.

An appellate court will not review or determine questions on appeal which are moot for the reason that the decision of such questions is idle and serves no useful purpose. (*Bley* v. *Board of Dental Examiners of the State of California,* 101 Cal. App. 666 [282 Pac. 19] ; 2 Cal. Jur., p. 749, sec. 437, and p. 803, sec. 472; *Moore* v. *Morrison,* 130 Cal. 80 [62 Pac. 268].)

In 2 California Jurisprudence, page 750, section 737, above cited, it is said in that regard: "The questions presented by an appeal become moot, and the appeal will be dismissed when the judgment has been satisfied."

The.motion to dismiss the appeal in the present case was not premature for the reason that it was made before the time allowed by Rule I of the Rules for Supreme Court and District Courts of Appeal for appellant to file his points and authorities in this court. Rule V, upon which the appellant relies in support of that assertion that the motion to dismiss the appeal was premature, refers only to motions for dismissal of appeals for failure to file the transcript or briefs on appeal. Neither the court rules nor the general law prescribes the time within or after which a motion may be made to dismiss an appeal on the ground that the issues have become moot. In the present case it appears by affidavit, which

is not controverted, that the issues presented on this appeal have become moot and that the writ of *mandamus* prayed for cannot issue for the reason that the execution sought to be restrained has been levied and the judgment in question fully satisfied. It therefore becomes idle and useless for the court to consume further time in considering the issues presented by the appeal.

The appeal is dismissed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 12, 1936, and the following opinion then rendered thereon:

THE COURT.—In denying a petition for hearing in this case, after decision of the District Court of Appeal, Third Appellate District, attention should be called to the fact that the opinion apparently contains a clerical error in its reference to Rule V. The court evidently intended to refer to section 1 of Rule V. Rule V consists of three sections and, while none of the sections is applicable to the present case, yet the rule refers to several matters other than motions to dismiss for failure to file transcript or briefs on appeal.