[Civ. No. 16459.   Second Dist., Div. Two. : May 19, 1948.]

RIVERSIDE RANCHO CORPORATION et al., Respondents, v. E. STEWART COWAN, Appellant.

Steiner A. Larsen and H. Spencer St. Clair for Appellant.

Nathan Newby, Jr., Newby, Holder & Newby and Nathan Newby for Respondents.

McCOMB, J.—Respondents move to dismiss this appeal on the ground that (1) the questions involved have become moot, and (2) appellant has accepted benefits under the judgment, has acquiesced in it, and is therefore estopped to appeal therefrom.

CHRONOLOGY HERE INVOLVED

(1) On August 12, 1946, respondents (plaintiffs herein) filed an action (No. 518224) against appellant (defendant

herein) and the Bank of America Trust and Savings Association to enjoin the sale of certain property, pursuant to the provisions of a trust deed.

(2) On June 20, 1947, a judgment was entered in action No. 518224, in which it was decreed: "It is further ordered, adjudged and decreed that the principal amount of said note for $68,443.99 shall be and is hereby reduced to the sum of $24,190.59; and said reduced principal amount shall be payable according to the terms of said note, in three equal annual installments of $8,063.53 each, on the 5th day of each twelfth month, the first installment having been due on the 5th day of January, 1947. And said defendant, her agents and employees, are hereby enjoined from enforcing the payment of said note for any sum in excess of said reduced amount of $24,190.59, and interest thereon."

(3) When respondents failed to pay the first installment of $8,063.53, as ordered in the judgment, a notice of default was recorded by the trustee.

(4) On August 22, 1947, the parties entered into a stipulation reading as follows:

"It is hereby stipulated by and between the parties hereto, through their respective counsel, that the plaintiffs herein shall pay to the defendant, E. Stewart Cowan, forthwith the following amounts: $8,063.53, being the first installment due on the note secured by second trust deed which is the subject of this action; $1,124.16, being interest due on said note to and including August 22nd, 1947; $571.10 for and on behalf of the trustee's costs and fees in connection with the foreclosure sale; making a total of $9,758.79.

"It is further stipulated and agreed that in consideration thereof, judgment shall be entered herein in favor of the plaintiffs and against the defendants as follows:

"1. That it be adjudged that the Notice of Default recorded in Riverside County on March 18th, 1947, in Book 828, Page 62 of official records of said County was, and is, ineffective and cancelled, and that a new Notice of Default must be recorded before any legal sale of said property described in said trust deed can be made.

"2. That the defendants be enjoined from making any sale of said property in pursuance of said Second Trust Deed until three months shall have elapsed after the recording in Riverside County California of a new Notice of Default, provided any default then exists.

"It is further stipulated and agreed that no judgment shall be based upon this Stipulation until the sum of $9,758.79 shall have been delivered to E. Stewart Cowan, or her attorneys, and further, that *the execution of this Stipulation shall in no manner be construed to affect the issues on appeal in Superior Court action No. 518-224.*" (Italics added.)

On the same date a judgment was entered in action No. 533310 pursuant to the terms of the foregoing stipulation, and respondents paid to appellant, pursuant to said stipulation, the sum of $9,758.79.

(5) On January 6, 1948, appellant, respondents not having paid the installment due January 5, 1948, filed a notice of default and election to sell under the deed of trust.

(6) On March 20, 1948, appellant caused the record on appeal to be filed in the present action.

This is the sole question presented for our determination:

*Under the foregoing facts, have respondents waived their right to urge the dismissal of the appeal on the grounds that the questions involved have become moot, since appellant accepted benefits under the judgment, and acquiesced in it, thereby being estopped on appeal to urge error in the judgment?*

This question must be answered in the affirmative. In the last paragraph of the stipulation entered into by the parties on August 22, 1947, appears this statement: "*the execution of this Stipulation shall in no manner be construed to affect the issues on appeal in Superior Court action No. 518-224.*" (Italics added.)

It is clear from this provision of the stipulation that the parties intended to maintain the *status quo* even though appellant received from respondent a portion of the money adjudged to be due her by the judgment in action No. 518224, and that respondents intended to and did waive their right to urge that the appeal should be dismissed because appellant had accepted benefits under the judgment.

In view of the fact that respondents have waived their right to urge a dismissal of the appeal on the grounds set forth above, the cases of *Walnut Irrigation Dist.* v. *Burke,* 158 Cal. 165 [110 P. 517], *Turner* v. *Markham,* 152 Cal. 246 [92 P. 485], *First Nat. Bank* v. *Wakefield,* 138 Cal. 561 [72 P. 151], *Moore* v. *Morrison,* 130 Cal. 80, 81 [62 P. 268], *Mortgage Guar. Co.* v. *Kolkey,* 30 Cal.App.2d 629 [86 P.2d 1073], *California Pac. T. etc. Co.* v. *California M. etc. Syn.,* 17

Cal.App.2d 353 [61 P.2d 1181], *Hild* v. *Justice's Court*, 11 Cal. App.2d 235 [53 P.2d 763, 55 P.2d 198], *Bley* v. *Board of Dental Examiners,* 101 Cal.App. 666 [282 P. 19], *Nelson* v. *Nelson,* 153 Cal. 204 [94 P. 880], *In re Baby,* 87 Cal. 200 [25 P. 405, 22 Am.St.Rep. 239], *Morton* v. *Superior Court,* 65 Cal. 496 [4 P. 489] and *People* v. *Burns,* 78 Cal. 645 [21 P. 540], are not applicable to the present situation.

For the foregoing reasons the motion to dismiss is denied.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied June 3, 1948.