### ADAMS v. RATHBUN, *Sheriff.*

Where the attorney for a nonresident defendant corporation formed a partnership with the attorney for the plaintiff, withdrew from the case, and engaged another attorney to conduct the defense, without the knowledege or consent of defendant or its resident agent, and so short a time before trial that such attorney was not able to acquaint himself with the facts, which were sufficient to constitute a meritorious defense, there was such surprise that defendant was entitled to a new trial.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Day county. HON. A. W. CAMPBELL, Judge.

Action for an alleged conversion of personal property by Luther

Adams against James G. Rathbun, as sheriff. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

*E. T. Taubman,* for appellant.

*Frank Sears,* for respondent.

CORSON, J. This is an action in conversion by the plaintiff against the defendant as sheriff. Verdict and judgment for the plaintiff, and the defendant appeals. The defendant sheriff represents the Acme Harvester Company in the action, he having taken possession of the personal property alleged to have been converted in an action in claim and delivery, wherein the company was plaintiff, and one S. B. Adams, father of the present plaintiff, was defendant. The basis of said action was a chattel mortgage given by S. B. Adams upon said personal property to secure an indebtedness of himself to the Acme Harvester Company. The plaintiff herein is the son of the mortgagor, and after the seizure of said property claimed to be the owner of the same, and brought this action in conversion. As we have seen, the real defendant in the action is the Acme Harvester Company, and that company retained J. H. McCoy, Esq., an attorney at law, to defend said action. He was also the attorney for the company in the action in claim and delivery against said S. B. Adams. In the spring of 1898 said McCoy and Frank Sears, Esq., the attorney for the plaintiff, formed a partnership for the practice of law, and after the commencement of the term at which said action stood for trial, and without notice to the company, or knowledge on the part of the company, or any employe of the same, and without an order of court, said McCoy withdrew from said case, and one E. W. Taylor, Esq., an attorney of this court, was requested by said McCoy to try said case for the said company, which the said Taylor undertook to do without the knowledge or

consent of said company, and without any knowledge as to what the facts were upon which the company relied to maintain its defense to this action; that when said case was called for trial the said McCoy and said Taylor filed their affidavits for a continuance, which was by the court denied, and this ruling was assigned as error, for the reason that it appears from the affidavits that said Taylor was unable to try said cause, and present the same, with all the facts connected therewith. A motion for a new trial was made upon several grounds, but mainly upon the ground of surprise on the part of the defendant, and this is the only question we shall consider in the case.

In the affidavit for a continuance Mr. McCoy stated that he was the attorney who originally conducted the defense for the defendant in this action; that on account of the formation of a partnership between himself and Frank Sears, the attorney for the plaintiff, it became necessary for him to get some other attorney to defend said action, and that since the commencement of this term of court he has turned over the defense of the action to E. W. Taylor; that affiant has heard all the facts constituting the defendant's defense, and that all the evidence in said case has been duly stated to him, and that he knows that the defendant has a good defense on the merits of the action. He then proceeded to set out certain evidence which it was necessary to have, and which could not be produced at that term of court, etc. It will be noticed by this affidavit that, although McCoy in effect withdraws from the case, no other attorney was employed by him until after the commencement of the term of court at which the action was to be tried. Mr. Taylor, in his affidavit for a continuance, therefore, very properly states that, "on account of the very short time since affiant was called into the defense of this action, he has not had time to look into the facts

of the case, and prepare to defend" the same. On the motion for a new trial, one M. T. DeWoody made an affidavit in which he says that he has resided at Aberdeen for more than five years last past; that during the year 1895 he was in the employ of the Acme Harvester Company, and as their agent was in charge of certain territory, attending to sales, collections, etc., and as such agent had the notes of S. B. Adams executed to said company, and secured by chattel mortgage which covered the property in dispute in this action; that he retained said McCoy to act for the said company in the foreclosure of said mortgage, and also in the present action, as the said corporation is the real defendant and the real party in interest in the defense of said action. He then proceeds to state certain facts that came to his knowledge, and to which he could testify, and that he informed McCoy of the same, and that he wanted to be called as a witness on the trial of said action; that subsequently he was informed by McCoy that the case would be settled, and that the plaintiff, as he understood the matter, was going to have the case dismissed. Mr. DeWoody also states that he was subsequently succeeded as agent of the company at Aberdeen by J. J. McCaughey, to whom he gave all the said information as to the facts in the case, and informed him that he was willing and ready to testify in said action when the same came on for trial. An affidavit was also made by J. A. Cleaver, state agent of the Acme Harvester Company, who states that Mr. DeWoody notified him of the employment of said McCoy as attorney for the company in the two actions hereinbefore mentioned; that at all times he had relied upon the said McCoy to attend to said action, and to give the said company notice of the time and place of said trial, that the witnesses might be procured to establish the ownership of the property in controversy in this action. He further stated that no notice was sent to him of the time and

place of said trial, and he had no knowledge of the facts that the case was to be tried in February until the sheriff, the nominal defendant, informed the company a few days before the stay of execution was to expire; that he has fully and fairly stated the facts known to him to the present attorney for the company, E. T. Taubman, Esq., and has been informed by him that the company has a good defense on the merits; that E. T. Taylor, who appeared in said action at the time of the trial, was never employed by the company, nor by any one authorized by it. Mr. McCaughey makes an affidavit substantially confirmed the statements of DeWoody, and states that he was informed by said DeWoody that said McCoy was the attorney for the company; that thereafter he had a conversation over the telephone with said MeCoy, in which said McCoy gave him to understand that said cause would not be tried, and that the plaintiff would dismiss the same; and that this affiant, as such agent, so reported that fact to the company.

It will thus be seen that the fact is undisputed that J. H. McCoy was retained as the attorney in this case by the Acme Harvester Company, and that he was fully advised that that company was the real defendant and the party in interest. It is also undisputed that he in fact withdrew from the case without informing either the company, or any of its agents, and without an order of the court, and turned the case over to Mr. Taylor to defend, without the knowledge or consent of the company or any of its agents. An attorney who has accepted a retainer is not at liberty to withdraw from the case, and substitute another attorney in his stead, without the consent of the party who has retained him, or an order of the court made upon notice and good cause shown. The rule is thus stated in 3 Am. & Eng. Enc. Law (2d Ed.) 411: "Nor can the attorney in any instance withdraw from a case and sever his connection with

it unless he has the consent of his client, or withdraws from just cause." Mr. Weeks, in his work on Attorneys, states the rule as follows: "An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination, and is not at liberty to abandon it without reasonable cause and reasonable notice." Week, Atty. § 255. The relation of attorney and client is a confidential one, and an attorney retained by his client cannot, in justice to such client, withdraw from the case and substitute another attorney in his stead, until his client has had reasonable notice and time to select another attorney of his own choice to take charge of the action. Without imputing the slightest intention of wrong to Mr. McCoy in this case, it is quite clear that upon forming a partnership with Mr. Sears he should have at once notified his client, the Acme Harvester Company, either directly or through its agents, in time to have given them full opportunity to select another attorney, and to properly prepare for the trial of the case. It would seems that, although he formed the partnership with Mr. Searls in April 1898, he did not secure the services of another attorney to take his place until February, 1899, after the term had commenced at which the trial was to take place. As the partnership, which seems to have constituted the real cause of his inability to proceed with the case, was formed with the attorney for the plaintiff, we think the plaintiff is charged with full knowledge of all the facts in the case through his attorney. Possibly, if an attorney withdraws from a case without the knowledge of the opposing party, and selects a substitute, the opposing party—having no knowledge of the facts until the time of the trial—might not be affected by the withdrawal; but we are of the opinion that the case at bar does not come within this rule.

Assuming, as we do, that the intentions of Mr. McCoy and Mr. Sears were perfectly honorable, and that there was no collusion be-

tween them, still the circumstances of the case are such that the Acme Harvester Company was left in such a position that it could not properly proceed with its defense to the action. We think, therefore, that the company and its agents may well have been surprised at the trial of the case under such circumstances, without the presence of an attorney who had been retained by them, or, at least, had had time to communicate with the company or its agents, and make the proper preparation for the trial of the case, and after its agents understood that the action was to be dismissed. In our view, therefore, it was an abuse of discretion on the part of the trial court to deny the motion for a new trial. The judgment of the court below is reversed, and a new trial granted.