KANSAS CITY, M. & O. RY. CO. OF TEXAS v. IMBODEN. (No. 8132.)

(Court of Civil Appeals of Texas. Ft. Worth. March 27, 1915. Rehearing Denied May 8, 1915.)

1. NEW TRIAL ⊝═140 — GROUNDS — ABSENCE OF COUNSEL AT TRIAL — OPENING — MERITORIOUS DEFENSE.

On defendant's motion for a new trial in an action against it for damages for delay and negligent handling of a shipment of stock, its presentation of witnesses who testified in explanation of delays and as to care in transportation, contradicting the plaintiff's evidence on those points and comprehending a material part, though not all of the journey, was such a showing of probable merit in the defense as to entitle defendant to have the court or jury determine the weight and credibility of such testimony.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284–287, 289, 302, 306; Dec. Dig. ⊝═140.]

2. NEW TRIAL ⊝═86—GROUNDS—ABSENCE OF COUNSEL—EXCUSE.

A case was set down for a hearing on the last week of a term by agreement, and on Thursday of that week was called for trial, and plaintiff was awarded judgment in the absence of defendant's counsel, who was unexpectedly detained in a distant county in the trial of an important case precluding his presence, and who had informed the court of his inability to attend and had been denied a continuance, and who had then obtained local counsel to appear for defendant and to offer an amended answer setting up defenses calling for additional proof by plaintiff, on denial of which the local counsel withdrew, without defendant's authority. Held, that a sufficient excuse for the absence of counsel was shown, and that the judgment would be reversed and remanded for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 172–174; Dec. Dig. ⊝═86.]

Error from Nolan County Court; John H. Cochran, Jr., Judge.

Action by J. G. Imboden against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded for new trial.

H. S. Garrett, of San Angelo, and Douthit & Smith, of Sweetwater, for plaintiff in error. Ed. J. Hamner and Geo. T. Wilson, both of Sweetwater, for defendant in error.

CONNER, C. J. Defendant in error instituted this suit in the county court on the 1st day of August, 1911, to recover damages in the sum of $250 because of alleged injuries to 50 head of cattle shipped by the plaintiff from Maryneal, Tex., to Suffren, Ill., over plaintiff in error railway and over the lines of several connecting carriers, which it is not material to name. It was alleged that the injuries charged were caused by negligent delays and want of due care in handling the shipment. The defendant answered at the August term by a general demurrer and a general denial. The case, however, was continued until the next term of the county court on the application of the defendant, at which time, viz., on November 9, 1911, the defendant amended its answer, pleading as before and setting up several special pleas not necessary to notice. Thereafter the case was continued from term to term, once on the application of the plaintiff, one or more times on the application of the defendant, once to make new parties, but generally by agreement, until the third and last week of the February term, 1914, at which time the

case, together with a number of other like suits against the same defendant, was set down for trial by agreement of all parties; the court consenting. On Thursday of said week, to wit, on Thursday March 5, 1914, the case was called and tried in the absence of the defendant's counsel, under circumstances to be hereinafter stated, and the plaintiff was awarded a judgment for the full amount of damages claimed by him. Thereafter in due time the defendant made application for a new trial, which was overruled, and this writ of error has been prosecuted.

The material questions presented for our determination are whether defendant on the hearing of the motion for a new trial showed a sufficient excuse for the absence of its counsel, and, if so, whether the showing of probable merit in the defense to the plaintiff's action was sufficient.

[1] As to the last question, independent of any amendment of the answer made or offered, we think the showing meets the requirements of the law. On the hearing of the motion two witnesses, whose depositions were on file at the time of the original trial, testified in explanation of delays and to care in transportation in such way as to contradict the plaintiff's testimony on the same points, thus tending in part, at least, to defeat plaintiff's recovery. It is not thought to be material that this testimony failed to cover the entire journey. It did comprehend a material part of it, and for the purpose of the motion must be accepted as true; for, if the absence of the defendant's counsel was excusable, it had the right under the general denial to meet the case as alleged in the plaintiff's petition as far as it could, and to have the court or jury, as the case might be, determine the weight and credibility of his testimony.

[2] The foregoing conclusion brings us to the most serious question in the case and the one principally presented in the briefs before us; that is, did the defendant show a sufficient excuse for the absence of its counsel? This question has been answered by us in the affirmative in the companion case of S. B. Hovey & M. L. Mertz, Receivers, v. Halsell-Arledge Cattle Co., No. 8133, 176 S. W. 897, decided on the 20th inst. In this respect the two cases are dependent on the same circumstances; and the circumstances, the reasons, and authorities for our conclusions have been so fully and clearly stated in the opinion of Mr. Justice Dunklin in the case mentioned, that we feel it to be unnecessary to here do more than to refer to that opinion as expressive of the view we entertain on the subject in the present case, and to say very briefly in passing that it was shown by the affidavit of counsel that he was unexpectedly detained in a distant county in the trial of a very important case under circumstances that in all reason precluded his attendance during the trial of the present case. The case now before us, however, differs from the companion case referred to in particulars to which defendant in error attaches importance, viz.: The case of S. B. Hovey and M. L. Mertz v. Halsell-Arledge Cattle Co., as will be seen by the opinion of Mr. Justice Dunklin, was tried on Tuesday morning of the week set apart for the hearing of the Orient cases, no counsel for defendant appearing at any time until after judgment. The present case was called for trial on Thursday morning thereafter. In the meantime the distant counsel communicated to the court his situation and inability to attend as he had agreed to do and sought to have this case continued or postponed, and, upon being informed by the court that this would not be agreed to, finally secured the promise of a firm of local counsel to appear for the defendant, sending to them certain information in his possession and an amended answer which he directed them to file. The local counsel appeared and sought permission for the presentation of the amended answer, which being denied by the court, they thereupon withdrew from the case entirely, stating, as they swore upon the hearing of the motion for new trial, that their connection with the case had been so recent that they had not had time to learn the names and whereabouts of witnesses or the facts of the case, and hence did not believe they could be of any service. The amended answer set up one or more special defenses not theretofore pleaded which called for additional proof on the part of the plaintiff, and the effort to present it was denied on the ground that it would work a continuance. In view of the reversal, however, we need not review the court's ruling in this matter. The general denial put in issue the plaintiff's allegations, and, while local counsel might have read the depositions on file hereinbefore mentioned, they did not do so, but refused altogether to act. It should perhaps be stated in behalf of such local counsel that it is not pointed out that they knew of the depositions; but, whether so or not, their withdrawal from the case left plaintiff in error wholly defenseless, and it is not shown that either it or its original counsel either knew of or authorized such refusal of local counsel to act, or that thereafter there was any opportunity to employ others. So that, on the whole, we think this case must take the course given to the case of S. B. Hovey and M. L. Mertz v. Halsell-Arledge Cattle Co.

It is accordingly ordered that the judgment herein be reversed and the cause remanded for a new trial.