[Civ. No. 98. Fourth Appellate District.—March 5, 1930.]

PEOPLES FINANCE & THRIFT COMPANY OF PORTERVILLE (a Corporation), Appellant, v. PHOE-NIX ASSURANCE COMPANY, LTD., OF LONDON (a Corporation) et al., Respondents.

Max B. Jamison for Appellant.

Feemster & Cleary and Orrick, Palmer & Dahlquist for Respondents.

SLOANE, P. J.—The appellant in this action presents his case on an unsupported theory as to both the law and the facts. We might be disposed to grant the relief prayed for were it not for the broad discretion given the trial court in the matter of granting new trials.

Appellant in his opening statement treats the judgment vacated by the trial court, from which order vacating the judgment and granting a new trial this appeal is taken, as a judgment by default. There is nothing in the record to show that a default was ever entered or a judgment by default rendered.

On the contrary, the record shows an answer on file, a setting of the cause for trial upon due notice to defendants' counsel of record and a trial had before the court without a jury, in which evidence oral and documentary was introduced by the plaintiff, and judgment in plaintiff's favor given thereon.

Appellant attacks the proceedings for a new trial on the ground that the court was without jurisdiction to entertain the same for the alleged reason that the notice of intention to move for a new trial was not served or filed until nearly sixty days after entry of judgment.

Since it does not appear that notice of entry of judgment was ever served on defendants the statutory time for notice of intention to move for a new trial did not commence to run, and consequently had not expired when the notice of intention was finally served.

Section 659 of the Code of Civil Procedure, in force at the time, and applicable to this proceeding, required the party moving for a new trial to file with the clerk and serve on the adverse party his notice of intention either before the entry of judgment or within ten days after receiving

notice of the entry of judgment, or within ten days after verdict, if the trial was by jury. The authorities are conclusive to the point that until such notice of entry of judgment has been given the time for notice of intention does not begin to run. (*Mallory* v. *See,* 129 Cal. 356 [61 Pac. 1123]; *Steward* v. *Spano,* 82 Cal. App. 306 [255 Pac. 532]; *Bates* v. *Ransome-Crummey Co.,* 42 Cal. App. 699 [184 Pac. 39].)

The only tenable ground for granting a new trial presented on defendants' motion therefor was that of alleged "accident and surprise which ordinary prudence could not have guarded against," namely, the absolute abandonment of the defendants' case by their attorneys without notice to defendants or knowledge on their part that their attorneys of record were not looking after their interests. Affidavits filed in support of the motion to vacate the judgment and grant a new trial show without contradiction that the defendant Assurance Company had retained attorneys of established reputation and standing to represent them. That these attorneys after conference with defendants' agents had advised that defendants had a good and valid defense to the action, had filed an answer to the complaint. That notice of the time set for the trial was afterward served upon the attorneys, but that they and each of them failed to appear at the trial, and failed to notify defendants of the date of trial, and that defendant Phoenix Assurance Company had no notice or knowledge of the trial until long after the date thereof and the rendition and entry of judgment against them.

That said attorneys failed and refused, after request therefor, to give any explanation of their conduct or to return on demand the records and papers in the case to defendants. Their conduct was a complete abandonment of the case, and was an accident and surprise so far as defendants' conduct was concerned, which they could not in the exercise of ordinary prudence have guarded against. It must be conceded that defendants had every right to assume that their attorneys were attending to their duties and would give them timely notice of the trial.

It is true that the law does not look with favor upon setting aside defaults or judgments resulting from inexcusable inadvertence, surprise or neglect of attorneys in the performance of their duties to their clients. Such failure on

the part of attorneys is ordinarily imputable to their clients, unless their default can be excused on the statutory grounds as being the result of accident or surprise, that which ordinary prudence on their part could not have avoided. (*McGuire* v. *Drew*, 83 Cal. 225 [23 Pac. 312]; *Gray* v. *Sabin*, 87 Cal. 211 [25 Pac. 422].)

The rule is well established that an order granting a new trial will not be disturbed on appeal, excepting in cases of manifest abuse of the wide discretion granted to the trial court in such cases, and while it is true that under ordinary circumstances the mere negligence of an attorney to appear in the interest of his client on trial of the case, unless under circumstances of excusable neglect or inadvertence, the question in this case arises, if the entire and unauthorized abandonment of the case by respondents' attorneys does not present circumstances to take it out of the ordinary rule of imputed negligence. A client has a right to assume and rely upon his attorneys of record to make the necessary appearances for the protection of his rights, and counsel cites a number of authorities in this case where in cases of abandonment of the client's interests by the attorney without notice or any ground for anticipating such abandonment by the attorneys exists, has been held to create an exception to the rule, and to excuse the client on the ground of accident and surprise which he could not be expected to reasonably guard against. We think that this case presents such an exception to the rule of imputed negligence. As far as respondent Phoenix Assurance Company is concerned, it is true that the defendant Alec B. Baird, the duly authorized agent of the Insurance Company, had notice of the trial, and was present thereat, and was sworn as a witness on the part of the plaintiff and testified. It appears that he was called under the provisions of section 2055 of the Code of Civil Procedure, but that he made no appearance, and did not testify in behalf of the respondent Phoenix Assurance Company, and that the respondent Phoenix Assurance Company was entirely unrepresented at the hearing of the case, and that the trial was had without any notice to said respondent or knowledge on their part of the abandonment of their case by their attorneys of record.

It is held in the case of *Harrison* v. *Sutter Street Ry. Co.,* 116 Cal. 156, 161 [47 Pac. 1019, 1920], that the discretion of the trial court in granting new trials, "will not be disturbed except upon the disclosure of a manifest and unmistakable abuse has become axiomatic, and requires no citation of authority in its support. It is true that such discretion is not a right to the exertion of the mere personal or arbitrary will of the judge, but is a power governed by fixed rules of law, and to be reasonably exercised within those rules, to the accomplishment of justice. But so long as a case made presents an instance showing a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action. More especially is this true where, as here, the question rests largely in fact, and involves the proper deduction to be drawn from the evidence. The opportunities of the trial court, in such instances, for reaching just conclusions are, as a general thing, so superior to our own, that we will not presume to set our judgment against that of the former, where there appears any reasonable room for difference."

In *McLaughlin* v. *Nettleton,* 69 Okl. 74 [183 Pac. 416], the court said, at page 419:

"The unquestionable weight of authority is that, when an attorney has been employed to conduct legal proceedings, he undertakes to conduct them to their determination, and cannot abandon the services of his clients without cause and upon reasonable notice. The evidence in this case shows that there was no notice given plaintiffs that their local counsel intended to abandon the cause, or terminate his services, or that he had done so, and while we are loath to disturb this verdict, on account of the fact that this is the second proceeding of this kind in this cause, nevertheless we are constrained to believe that, if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls.

"After a careful consideration of all the evidence, we are of the opinion that the petition to set aside the judgment entered on February 8, 1912, should be sustained, and said judgment set aside and cause heard upon its merits; and it is so ordered."

A number of other citations made by respondents in this case seem to support the rule that the failure of parties to appear at the trial, occasioned by the abandonment of the cause by their attorneys, may be considered as creating conditions of accident and surprise that could not be reasonably guarded against. Among these is the case of the Kentucky Supreme Court in *Ray* v. *Arnett*, 32 Ky. Law Rep. 562 [106 S. W. 828, 829], from which the following language is quoted:

" . . . if the appellant is entitled to a new trial at all, it must be for the cause mentioned in subsection 7 of section 518, which authorizes the granting of a new trial 'for unavoidable casualty or misfortune preventing the party from appearing or defending.' The casualty or misfortune that will authorize the granting of a new trial must be 'unavoidable.' A mere ordinary 'casualty or misfortune' is not sufficient. It must be such casualty or misfortune as could not by the exercise of reasonable skill and diligence have been avoided. . . . "

"Tested by this rule, the question is: Was appellant by unavoidable casualty or misfortune prevented from prosecuting her suit? Appellant intrusted her case to an attorney, who brought this suit for her. She depended, and had a right to depend, upon him to look after her interests and advise her of the steps taken in her case; but, without any notice to her or any fault on her part he abandoned her case. Appellant lived in a part of the county remote from the county seat, was unacquainted with the manner and method of hearing and disposing of cases in court, and did not learn that her suit had been dismissed until 1907, when she at once took steps to have it reinstated. We express no opinion as to the merits of the controversy. It may be that appellant will not succeed; but she is entitled under the circumstances to a hearing, which she has not had. We think that, under the fair meaning of the code provision, appellant was prevented by 'unavoidable

casualty' from prosecuting more diligently her suit, and that she is entitled to a new trial.''

To the same effect are cited *Peterson* v. *Koch,* 101 Iowa, 19 [80 Am. St. Rep. 261, 81 N. W. 160]; *Ennis* v. *Fourth Street Building Assn.,* 101 Iowa, 520 [71 N. W. 426]; *Hovey* v. *Halsell Arledge Cattle Co.,* (Tex. Civ. App.) 176 S. W. 897; *Kansas City, N. & O. Ry. Co.* v. *Imboden,* (Tex. Civ. App.) 176 S. W. 900; *Donnelly* v. *McArdle,* 14 App. Div. 217 [43 N. Y. Supp. 560]; *Adams* v. *Rathbun,* 14 S. D. 553 [86 N. W. 629].

We think these authorities justify the ruling of the court granting a new trial under the circumstances of this case.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.