(A.R.D. 224)

IMBERT IMPORTS, INC. v. UNITED STATES

Entry No. 8033, etc.

Second Division, Appellate Term

(Decided June 6, 1967)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the appellant.

*Carl Eardley*, Acting Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the appellee.

Before RAO, FORD, and WATSON, Judges

WATSON, Judge:   This is an appeal from the decision and judgment of Judge David J. Wilson, denying a motion filed by appellant on August 5, 1966, to set aside and vacate a judgment of dismissal rendered herein under date of February 14, 1966.

Statutes relative to reappraisement proceedings provide as follows: 28 U.S.C., section 2636(a), provides:

The decision of a single judge in a reappraisement proceeding shall be final and conclusive upon all parties unless within 30 days from the

date it is filed with the collector of customs an application for its review: is filed with or mailed to the Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector; by whom the same shall be forwarded forthwith to such court.

28 U.S.C., section 2640, provides:

A division which has decided a case or a single judge who has decided an appeal for a reappraisement may, upon motion of either party made within thirty days next after such decision, grant a rehearing or retrial.

Appellant, in this application for review, contends that the judgment of dismissal was invalid for failure to comply with rule 23(b) of this court as follows:

A copy of judgment order, together with the opinion upon which such judgment is based and a copy of any concurring or dissenting opinion, shall be forwarded to the parties or their attorneys and also to the collector of customs for the district in which the merchandise affected thereby was imported.

It appears that the involved appeals for reappraisement appeared on the October 1965 calendar, were noticed for trial at that term, but were continued to the December 14, 1965, term of court at the request of appellant's former attorney. The appeals for reappraisement were dismissed for nonappearance and failure of prosecution by Judge Wilson at the hearing held in New York on December 14, 1965. At that time, the attorney for the plaintiff was listed in court records as Mr. William J. Barnhard, whose last known address was 104 Capital Hill Lodge, 201 Massachusetts Avenue, NE., Washington, D.C. The records further show that Mr. Barnhard did not appear in person on December 14, 1965, on the hearing of the appeals but instead sent a telegram to the Chief of the Customs Section, Civil Division, Department of Justice, New York City, stating that he was unable to appear because of illness and requesting that a motion for a continuance be made on his behalf. It appears that the Assistant Attorney General's office declined so to move, although the telegram was brought to the attention of the court. At the hearing, the appeals were ordered dismissed as above indicated.

The judgment of dismissal in the appeals in question was issued on February 14, 1966. The court records indicate that a copy of said judgment was sent only to Mr. Barnhard, listed as plaintiff's attorney in said appeals. It appears that, at the time the judgment of dismissal was issued, Mr. Barnhard had been disbarred from practicing before this court by order dated February 4, 1966. See, *In the Matter of the Disbarment of William J. Barnhard*, 56 Cust. Ct. 859, Abstract 69775. There is no indication in the court records that any notice whatsoever

was sent to the appellant herein, nor does appellee claim that any such notice was sent to the appellant.

It further appears in this case that, pursuant to court procedure, the entries the subject of the dismissed appeals were duly sent to the collector of customs at the port of San Juan for liquidation. In an affidavit of S. Oscar Imbert, president of the appellant company, part of the moving papers herein, it is stated that on or about May 26, 1966, bills for liquidated special dumping duties were sent to the then plaintiff by the collector of customs. The affiant further stated that he "immediately" sent copies of the duty bills to Mr. Barnhard for his attention and advice; that on or about June 28, 1966, final notices of monies due were issued by the customs authorities at San Juan, copies of which were also sent to Mr. Barnhard. The affiant states that no acknowledgment or reply was ever received from his then attorney as to these matters. The affiant further states that it was only during a subsequent conference with his present attorneys on July 13, 1966, that appellant first became aware that the appeals in question had been dismissed. The motion to vacate and set aside the judgment in said appeals was filed on August 5, 1966.

The Government in the brief herein states the issue as—

Whether the Customs Court has jurisdiction to set aside and vacate the judgment of February 14, 1966 in the absence of a motion for rehearing filed within the time limit specified by statute.

Counsel for the appellant, maintaining that the judgment order in this case is void and contending, accordingly, that it should be set aside by this court, directs our attention to the holding of the court in *Scott* v. *McNeal*, 154 U.S. 34, 38, Law. Ed. 896, and *Davis* v. *Chilson et al.*, 62 P. (2d) 127.

In the *Scott* v. *McNeal* case, *supra*, the Court held that a judgment of the Supreme Court of the State of Washington, by which the purchaser at an administrator's sale, under order of a probate court, of land of a living person who had no notice of its proceedings is held to be entitled to the land as against him, deprives him of his property without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States.

In the *Davis* v. *Chilson et al.* case, *supra*, the court held that a garnishment judgment rendered on garnishee's answer against garnishee without approval of form by garnishee or defendant and without service of copy of judgment on either garnishee or defendant, as required by court rule, was held void *ab initio* so that sale thereunder was void.

In *Borneo-Sumatra Trading Company, Inc.* v. *United States*, 49 Cust. Ct. 510, A.R.D. 150, application was made for review of an "Order" entered December 13, 1961, *denying* appellant's motion to set aside *judgment* of dismissal, dated March 24, 1961. The involved appeals for reappraisement were scheduled for hearing at the port of

Los Angeles, Calif., on February 2, 1961. Some 7 months after the entry of judgment therein, the fact of the dismissal of these cases came to the attention of counsel for the appellant. Inquiry was addressed to the clerk of the court and counsel for the appellant was advised on October 26, 1961, that the records of the court did not indicate that any notices of trial of said cases were mailed to them. The court therein held that where, as appeared in the case, a party has been deprived of a hearing, by reason of the failure of the court to provide proper notice of trial, the provisions of 28 U.S.C., section 2640, must be held inapplicable and the 30-day limitation, therein specified, ineffectual as a restriction upon a motion to vacate a void judgment. While the situation in this case did not involve, as in the *Borneo-Sumatra Trading* case, *supra*, a failure to give notice of trial to the representative of the party here in question, we are of opinion that, in view of the subsequent events heretofore outlined, the appellant herein was deprived of its day in court to have these appeals tried on their merits.

In the case of *The A. W. Fenton Co., Inc.* v. *United States*, 53 CCPA 98, C.A.D. 884, to which our attention has been directed by appellee in its brief, the court therein did not pass upon the question whether a copy of a judgment order of dismissal should have been sent to the ultimate consignee in addition to that sent to the customs broker, nominal consignee, the court merely stating that as to appellant therein, rule 23 (b), *supra*, "was admittedly satisfied."

It has been held that a default judgment may be set aside where it was obtained through the misconduct of the party's attorney. *Calkins* v. *Smalley*, 294 P. 534, 88 Colo. 227, 34 Corpus Juris, page 312, note 10, page 313, notes 11–14. Further, abandonment of, or withdrawal from, the case by an attorney without timely notice to his client has been held sufficient ground for vacating a resulting default judgment. *People's Finance & Thrift Co. of Porterville* v. *Phoenix Assur. Co., Limited of London et al.*, 285 P. 857, 104 Cal. App. 334.

The record in this case discloses that default judgment was entered on February 14, 1966. At the time the default judgment was entered, the attorney for the appellant had already been disbarred from practicing before this court by order dated February 4, 1966. The copy of the default judgment subsequently sent to Attorney Barnhard was, in effect, no notice at all of the default judgment, since at that time, said attorney had no standing in court and thus would have been unable to appear on appellant's behalf in any subsequent action on appeal from the default judgment.

While a copy of the default judgment was sent to Mr. Barnhard, it does not appear that any notice was sent to the appellant in this case. In effect, the appellant was precluded under the circumstances from exercising its substantive right of appeal from the default judgment. We are further of opinion that, in view of the circumstances

surrounding the proceedings herein, the appellant in this case acted with due diligence as soon as it learned of the default judgment against it, and that, even though the application to vacate the judgment of February 14, 1966, was not filed within the time limit specified by statute, appellant should be afforded relief. Accordingly, the appeal herein from the decision and judgment of the single judge of October 5, 1966, denying a motion by the appellant to set aside the judgment of dismissal rendered under date of February 14, 1966, should be, and is, granted. The decision and judgment dismissing the appeals herein are vacated and set aside and the appeals herein are restored to the calendar and are remanded to the single judge having jurisdiction over the subject matter for trial on the merits.

Judgment will issue accordingly.